[No. A015637. First Dist., Div. Two. Jan. 24, 1985.]

EARL C. BERGER, Cross-complainant and Appellant, v.
KENNETH D. GODDEN et al., Cross-defendants and Respondents.

**COUNSEL**

Earl C. Berger, in pro. per., for Cross-complainant and Appellant.

Paul G. Dobbins for Cross-defendants and Respondents.

**OPINION**

**KLINE, P. J.**—Earl C. Berger, an attorney appearing on his own behalf, appeals from a judgment dismissing his cross-complaint against James W. Godden (James) and Kenneth D. Godden (Kenneth). We dismiss the appeal.

On August 12, 1976, James and Kenneth filed a complaint for declaratory relief against Berger, seeking to determine the rights of the parties with respect to a partnership known as Esquire Photographers. Berger filed a cross-complaint, alleging that James had converted partnership assets to his own use and had failed to account to Berger for his share of the business. The only allegation against Kenneth in the cross-complaint was that, without the knowledge or consent of Berger, he had entered onto the premises of the partnership business and assumed management and control of the business and its property and assets. The cross-complaint sought the appointment of a receiver and damages.

The cross-complaint was dated and served upon counsel for the Goddens on October 8, 1976. James and Kenneth filed an answer to the cross-complaint on November 10, 1976. The cross-complaint was not actually filed, however, until December 23, 1976. During the intervening period between the filing of the answer to the unfiled cross-complaint and the filing of the

cross-complaint, James died, on November 27, 1976. No representative or successor in interest was ever substituted as a party in James' stead.

The case was scheduled for jury trial on August 3, 1981. At the time of trial, Berger moved to dismiss the complaint on the grounds that it failed to state a cause of action and that one of the plaintiffs had died. The trial court then invited Kenneth to move to dismiss the cross-complaint on the grounds that no party had been substituted for James as a cross-defendant, although he had been dead for more than four years, and that the cross-complaint did not state a cause of action against Kenneth. That motion was made and the matter was taken under submission. On October 27, 1981, the court entered its order granting the motions and dismissing the entire action. A timely notice of appeal from the dismissal of the cross-complaint was filed by Berger on November 16, 1981. No appeal has been taken from the portion of the order dismissing the Goddens' complaint.

 On May 23, 1984, this court, on its own motion, struck Berger's opening brief, pursuant to rule 18 of the California Rules of Court, for failure to comply with rules 13 and 15.[1] Rule 13 requires that the opening brief contain a statement of the case, setting forth the nature of the action and the relief sought, a summary of the material facts, and the judgment or ruling of the superior court. It also requires that the statement be accurate and confined to matters in the record on appeal. Rule 15 requires, inter alia, that each point in a brief appear separately under an appropriate heading, that each heading be generally descriptive of the subject matter covered, and that the statement of any matter in the record be supported by appropriate reference to the record.

Rule 18 provides: "When a brief fails to comply with the requirements of these rules the reviewing court, on application of any party or on its own motion, and with or without notice as it may determine, may: (1) order the brief to be returned to counsel for correction by interlineation, cancellation, revision or replacement in whole or in part, and to be redeposited with the clerk within a time specified in the order; (2) order the brief stricken from the files, with leave to file a new brief within a specified time; or (3) disregard defects and consider the brief as if it were properly prepared."

The order striking Berger's opening brief allowed him 30 days within which to serve and file a new brief. The order specifically directed that the new brief address the issues of (1) whether the cross-complaint filed on December 23, 1976, was of any effect as to cross-defendant James Godden,

---

[1] All further references to rules are to the California Rules of Court unless otherwise specified.

who died on November 27, 1976, and (2) whether, if the cross-complaint were effective, the trial court had jurisdiction to dismiss the cross-complaint as to James Godden in the absence of substitution of a party in his stead.[2] The order further provided: "If appellant fails or elects not to file a new brief as specified above, this appeal shall be dismissed."

Appellant filed a second brief on June 25, 1984. It consisted of three pages, contained not one citation to the record on appeal and contained not one citation to any legal authority. Furthermore, the brief contained no pertinent or intelligible argument whatsoever.

We dismiss this appeal for three independent reasons: (1) the failure of appellant to file a brief in conformity with the rules after his initial brief was stricken for noncompliance with the rules; (2) the failure of appellant to address in his second brief the two issues specified by this court; and (3) the failure of appellant to advance any pertinent or intelligible legal argument, which we deem to constitute an abandonment of the appeal.

Rule 18, which was adopted by the Judicial Council as part of the Rules on Appeal effective July 1, 1943 (see Rules on Appeal (1943) 22 Cal.2d 1, 15), supersedes former rule VIII, section 4 of the Rules for the Supreme Court and District Courts of Appeal. (See Draftsman's Note, Deering's Ann. Cal. Rules of Court (1968 ed.) rule 18, p. 193.) Prior to 1937, that section provided: "For any failure to observe this rule [prescribing requirements for briefs] the court may, of its own motion, order the proper statement or index to be supplied, or strike out the brief or petition, or for the failure of the appellant, *dismiss the appeal,* or for the failure of the petitioner, deny the petition." (See Rules for Supreme Court and District Courts of Appeal, eff. Sept. 1, 1928, rule VIII, § 4, 213 Cal. xxxv, xlviii, italics added.) In 1937, the section was amended to read: "For any failure to observe this rule the court shall not dismiss the appeal, but may, of its own motion, or on motion of an opposing party, order a proper statement or index to be made, or the transcript or briefs to be amended or a supplement thereto to be filed, supplying such omissions and curing such defects as are in violation of this rule. In making the order the court may impose

---

[2]We are not required to independently review the record in a civil case such as this to determine whether there are arguable issues which counsel should be directed to brief. (See *Fox* v. *Erickson* (1950) 99 Cal.App.2d 740, 742 [222 P.2d 452] [appellate courts "will not assume the task of initiating and prosecuting a search of the record for the purpose of discovering errors not pointed out in the briefs"]; compare *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] [appellate court required to review entire record in criminal case when appointed counsel submits brief which raises no specific issues and inform counsel of any issues it deems arguable].) Nevertheless, in the interest of justice, we requested that appellant's second brief address two particular issues which appeared to be significant, and perhaps dispositive, in this case.

such terms and conditions on the offending party or his counsel as the circumstances appear to justify." (Rules for Supreme Court and District Courts of Appeal, rule VIII, § 4, as amended eff. Nov. 24, 1937.) B. E. Witkin, draftsman of the Rules on Appeal for the Judicial Council, describes this amendment as expressly prohibiting dismissal for filing a defective brief. (Witkin, *New California Rules on Appeal* (1944) 17 So.Cal.L.Rev. 79, 143.)

Present rule 18 does not expressly state that the court may or may not dismiss an appeal for failure to file a brief in conformity with the rules. Witkin, however, apparently views the rule as continuing to preclude dismissal: "Rule 18 states the established practice with respect to a defective brief: the court may order correction or strike it from the files with leave to file a new brief. Formerly the power of dismissal existed, but this was expressly prohibited by amendment of the rule in 1937. This should not tie the hands of the court where the appellant files an obviously perfunctory or skeleton brief merely for purposes of delay, for the court may treat the appeal as frivolous and impose penalties."[3] (Witkin, *New California Rules on Appeal, supra,* 17 So.Cal.L.Rev. at p. 143, fns. omitted.) This view appears to be correct with respect to an initial filing of a defective brief, since rule 18 provides that an order striking a brief grant "leave to file a new brief within a specified time."[4]

We hold that while rule 18 does contemplate that an appeal not be dismissed because a party has filed one brief which fails to comply with the rules, nothing in the rules precludes dismissal for failure to file a brief substantially in compliance with the rules after the appellate court has made an order striking one nonconforming brief with leave to file a new brief. Obviously implicit in such an order is the directive that the new brief comply with the rules. The order in the present case expressly provided that if a new brief were not filed as specified, the appeal would be dismissed. When a new brief substantially fails to comply with the rules, as in the present case, the appellate court has both statutory and inherent power to dismiss the appeal.[5]

---

[3]The possibility of treating an appeal as frivolous in circumstances such as those presented here is discussed *post* at page 1120.

[4]It appears that this view is not universally held. (See, e.g., *Richmond Redevelopment Agency* v. *Western Title Guaranty Co.* (1975) 48 Cal.App.3d 343, 347 [122 Cal.Rptr. 434] [dicta: failure to comply with rule 15 in brief submitted by appellants "alone would justify a dismissal of the appeal"]; *Tyson* v. *Romey* (1948) 88 Cal.App.2d 752, 754 [199 P.2d 721] [stating, without discussion, that appeal not conforming to provisions of part III, Rules on Appeal (rules 13-18, governing briefs), must be dismissed].)

[5]In the present case we are confronted with the failure to comply in very significant ways with the rules regarding preparation of briefs. We assume that the more technical or de minimis a violation of such rules, the less likely an appellate court would be to exercise its discretion to dismiss an appeal due to such violation.

■ "It is beyond dispute that 'Courts have inherent power, as well as power under section 187 of the Code of Civil Procedure,[6] to adopt any suitable method of practice, both in ordinary actions and special proceedings, if the procedure is not specified by statute or by rules adopted by the Judicial Council.' (*Tide Water Assoc. Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 825 [279 P.2d 35].)" (*Citizens Utilities Co.* v. *Superior Court* (1963) 59 Cal.2d 805, 812-813 [31 Cal.Rptr. 316, 382 P.2d 356], original fn. omitted; see also *Buchwald* v. *Katz* (1972) 8 Cal.3d 493, 502-503 [105 Cal.Rptr. 368, 503 P.2d 1376]; *Keeler* v. *Superior Court* (1956) 46 Cal.2d 596, 600 [297 P.2d 967].) ■ As no statute or rule specifies a procedure to be followed upon the striking of an initial appellant's brief and the filing of a second (or subsequent) brief which fails to conform to the rules of court governing the preparation of briefs, this court may, in its discretion, dismiss an appeal in which such a brief is filed.

■ Similarly, this appeal may be dismissed for appellant's failure to address the two issues specified in the court's order striking the initial brief. No statute or rule precludes such a dismissal. It may be presumed that when an appellate court requests briefing on an issue in a civil case, that court deems the issue of significance to determination of the appeal. An appellant who fails to address such an issue acts at his or her peril, just as does the appellant who more than once files a brief which is not in conformity with the rules. To order dismissal is within the discretion of the court in either circumstance.

■ Finally, we also hold that failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal. In *Rossiter* v. *Benoit* (1979) 88 Cal.App.3d 706 [152 Cal.Rptr. 65], an appellant stated an issue but made no argument with respect to it. The Court of Appeal there held: "Conspicuous by its absence in plaintiff's brief is any argument, statement, comment, citation, authority or reference to this stated issue. ' "Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned." [Citations omitted.]' (*Estate of Randall* (1924) 194 Cal. 725, 728, 729 [230 P. 445].) Nor is an appellate court required to consider alleged error where the appellant merely complains of it without pertinent argument. (*Strutt* v. *Ontario Sav. & Loan Assn.* (1972) 28

---

[6]Code of Civil Procedure section 187 provides: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

Cal.App.3d 866, 873 [105 Cal.Rptr. 395].) Since plaintiff does not address the issue, we treat it as abandoned and comment no further." (*Id.*, 88 Cal.App.3d at pp. 710-711.) In *Rossiter,* only one of several issues was deemed abandoned, and the court therefore proceeded to determine the remaining issues on the merits.

In this case, no issue is in any way supported by pertinent or cognizable legal argument. Appellant's brief only states in conclusory fashion that dismissal of the cross-complaint was "contrary to law." Consequently, it is appropriate for this court to deem the appeal abandoned and to dismiss it. We note that this is different from treating an appeal as frivolous. ▐ An appeal is frivolous when it is prosecuted for an improper motive (such as solely for delay) or when it indisputably has no merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) There is no indication in this case that the appeal was taken for an improper reason. Further, our request for briefing of two issues indicates that the appeal may well not have been devoid of merit. Appellant's brief, however, simply failed to make any arguments to support any theory of error.[7]

The Supreme Court has indicated in dicta that a question may exist as to whether it is ever appropriate to dismiss an appeal as frivolous, rather than to affirm a judgment from which a frivolous appeal has been taken. (*People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]; compare 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 475-476, pp. 4430-4432, with Kallay, *The Dismissal of Frivolous Appeals by the California Courts of Appeal* (1979) 54 State Bar J. 92.) We need not reach that issue since we have determined in this case that appellant's failure to present any pertinent or intelligible legal argument in his opening brief constitutes an abandonment of the appeal rather than the prosecution of a frivolous appeal. In this circumstance, dismissal of the appeal, with no consideration on the merits as to the correctness of the judgment or order from which the appeal is taken, is the proper disposition.

---

[7]Although we are considering a second brief in this case, we know of nothing to preclude an appeal from being deemed abandoned by virtue of an initial brief's failure to present pertinent or comprehensible argument. Some, though certainly not all, initial briefs which fail to comply with the rules may also fail to present such argument. In such situations dismissal for abandonment may be appropriate although dismissal for filing a nonconforming brief is precluded by rule 18. The requirement of rule 18 that any appellant be given leave to file a new brief when an initial brief is stricken may be unduly lenient in today's era of sophisticated litigation. The considerations which led to the 1937 amendment to rule 18 might bear reexamination, particularly in view of the heavy caseloads borne by contemporary appellate courts.

The appeal is dismissed.

Rouse, J., and Smith, J., concurred.