Filed 5/28/13  Noble v. Smith CA2/5
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SANDRA QUEEN NOBLE, | B245548 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC484160) |
| v. | |
| TIKA SMITH et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Sandra Queen Noble, in propria persona, for Plaintiff and Appellant.

Law Offices of Torres & Brenner, Anita Susan Brenner and Leonard E. Torres for Defendants and Respondents.

_____

Sandra Queen Noble appeals from the judgment entered in favor of defendants and respondents Tika Smith, Phillip I. Browning, Michelle Callahan, and Los Angeles County Supervisor Zev Yaroslavsky, after the trial court sustained a demurrer without leave to amend. We affirm.

## BACKGROUND

Noble filed the operative first amended complaint on July 30, 2012, against defendants and various other officials, alleging aggravated kidnapping in violation of Penal Code sections 207, 208, 209, and 209.5. The complaint makes reference to events occurring in 1984, when the county allegedly removed "babies" from Noble. The complaint lacks a coherent statement of its factual basis and is laced with profanity, name calling, and racial epithets.

On August 28, 2012, defendants filed a demurrer relying on multiple subdivisions of Code of Civil Procedure section 430.10, asserting failure to allege facts stating a cause of action, immunity, ambiguity and uncertainty as to causes of action and remedies, running of the statute of limitations, and failure to comply with government claim requirements. Noble filed a motion to strike the demurrer on October 1, 2012. The three-page motion to strike contained no response to the legal arguments made by defendants in their demurrer.

The trial court sustained the demurrer without leave to amend on October 15, 2012, and entered judgment for defendants. Noble filed a timely notice of appeal from the judgment on December 3, 2012.

## DISCUSSION

Noble's briefs on appeal contain no legal argument, citation to the appellate record, or discussion of the merits of the demurrer. Rather than striking the briefs for use of offensive and contemptuous language or dismissing the appeal for failure to make a

2

cognizable argument (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117, fn. 2), we elect to resolve the appeal on the merits.

"'The most fundamental rule of appellate review is that an appealed judgment or order is *presumed to be correct.*' (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2004) ¶ 8:15, pp. 8-4 to 8-5.) It is the appellant who bears the burden of overcoming that presumption. (*Stevens v. Owens-Corning Fiberglas Corp.* (1996) 49 Cal.App.4th 1645, 1657.)" (*State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 836.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3.) When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' (*Atchley v. City of Fresno* [(1984)] 151 Cal.App.3d [635,] 647; accord, *Berger v. Godden, supra,* 163 Cal.App.3d at p. 1117 ['failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error'].) Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Noble has failed to make any argument suggesting the trial court erred in sustaining the demurrer without leave to amend. The judgment is therefore affirmed. (Cal. Const., art. VI, § 13.) Costs are awarded to respondents on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.                          ARMSTRONG, J.


3