Filed 3/19/14  Pinnavaia v. Miracosta Com College Dist. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. PINNAVAIA, | D063738 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00057295-CU-MC-NC) |
| MIRACOSTA COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline

M. Stern, Judge.  Appeal dismissed.

Matthew D. Pinnavaia, in pro. per., for Plaintiff and Appellant.

Winet Patrick Gayer Creighton & Hanes and Jennifer S. Creighton for Defendant

and Respondent.

In plaintiff Matthew Pinnavaia's action against defendant MiraCosta Community

College District, the court sustained defendant's demurrer without leave to amend, and a

judgment of dismissal was entered. Pinnavaia filed a notice of appeal from that judgment on April 15, 2013.

Pinnavaia's opening brief does not address the appealed-from judgment. Instead, his opening brief is limited to arguing that, on February 21, 2013, the trial judge erroneously denied his motion to disqualify the judge under Code of Civil Procedure section 170.1 et seq. However, the exclusive mode for challenging the denial of a motion to disqualify a judge is by a timely petition for writ of mandate. (*PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 970-971.) Pinnavaia may not seek review of the ruling on his disqualification motion by the current notice of appeal. (*Ibid.*; accord, *People v. Hull* (1991) 1 Cal.4th 266.) Moreover, even assuming we were to construe Pinnavaia's notice of appeal as a petition for writ of mandate, we would nevertheless dismiss his claim for two reasons. First, Pinnavaia did not seek review within 10 days after the ruling, as required for writ review (Code Civ. Proc. 170.3, subd. (d)), and therefore we would reject his current effort to seek review as untimely. Second, even were it timely, Pinnavaia's brief contains no citation to legal authority, nor any comprehensible argument, on why the court's order striking his motion to disqualify was erroneous, which permits this court to dismiss the appeal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1120.)

Pinnavaia's opening brief contains no argument or authority explaining why the trial court's ruling sustaining the demurrer without leave to amend was erroneous. His

2

not doing so permits this court to deem the appeal abandoned and to dismiss the appeal (*In re Sade C.* (1996) 13 Cal.4th 952, 994).

DISPOSITION

The appeal is dismissed.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.