Filed 6/27/14  Carson v. Leyva CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT J. CARSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ANAVEL LEYVA,<br><br>Defendant and Respondent. | F067556<br><br>(Super. Ct. No. 13CECG01677)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Carlos Cabrera, Judge.

Robert J. Carson, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Detjen, J.

In this landlord/tenant dispute, appellant Robert J. Carson, challenges the denial of his request for a civil harassment restraining order against respondent Anavel Leyva. We affirm.

## BACKGROUND

Carson was a tenant in a house owned by Leyva. In his restraining order request, Carson alleged that Leyva was trying to force him out of the house by shutting off the utilities. Then, despite Carson still living there, Leyva arrived at the residence to show it to prospective renters. This resulted in a physical disturbance with police involvement. According to Carson, Leyva and three men attacked him and his elderly dog without provocation.

However, the police report, attached as an exhibit to Carson's request, also described Leyva's side. Leyva claimed that Carson struck her first and she hit back in "self defense." Leyva also stated she was under the impression that Carson no longer lived there.

The trial court denied Carson's request for a restraining order on the ground that the matter involved a landlord/tenant issue.

## DISCUSSION

The basis for Carson's appeal is unclear. He appears to be objecting to the trial court's use of a form order. The court checked the boxes stating the request was denied for the reason that "Matter involves landlord/tenant and/or roommate issue." Carson interprets this order as demonstrating that the trial court disregarded "any/all papers filed." He also asserts that this type of "judge findings/orders instigates and allows more violence."

Carson further states that Leyva "has and still continues to retaliate and perpetrate unlawful and illegal acts of violence and stalkings and harassing behavior to coerce, intimidate and creating a reasonable fear of great bodily injury." Carson concludes that he is "shocked" that the courts "can and do close their eyes to such acts."

2.

A trial court order is presumed to be correct on appeal. (*In re Marriage of Ackerman* (2006) 146 Cal.App.4th 191, 197.) Accordingly, the appellate court assumes that the order is supported on matters as to which the record is silent. Further, the appellant must affirmatively show error occurred. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

To meet the burden of demonstrating error, the "appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) The failure of the appellant to advance any pertinent or intelligible legal argument constitutes an abandonment of the appeal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117.) The appellate court is not bound to develop the appellant's arguments for him. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) Thus, conclusory claims of error will fail. (*In re S.C., supra,* 138 Cal.App.4th at p. 408.)

Here, Carson has presented neither cogent legal arguments nor citations to relevant authority. Accordingly, he has not met his burden of demonstrating error.

## DISPOSITION

The order is affirmed. No costs are awarded.