Filed 9/30/14  Estate of Young CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| Estate of IRMA E. YOUNG, Deceased. | D064609 |
| STEPHEN C. PARKER, as Executor, etc., | |
| Petitioner and Respondent, | (Super. Ct. No. P177721) |
| v. | |
| CHARLES DITTES PARKER, | |
| Objector and Appellant. | |

APPEAL from order of the Superior Court of San Diego County, Julia C. Kelety, Judge.  Dismissed.

Charles Dittes Parker, in pro. per., for Objector and Appellant.

Norman Michael Cooley for Petitioner and Respondent.

Objector and appellant Charles Dittes Parker (Charles or Appellant) appeals the probate court's June 21, 2013 ex parte order extending and reissuing letters testamentary that had been issued to respondent Stephen C. Parker, the court-appointed personal representative of their mother's estate (Respondent).  Their mother, Irma E. Young, died

in 2000 and left four children and heirs to her estate (the Estate).  Respondent also serves as the trustee of her trust.  (Prob. Code, §§ 8000 et seq. [petition for probate]; 8400 et seq. [personal representative appointment]; 16000 et seq. [trust administration].)[1]

Family difficulties arose during the administration of the Estate and trust, beginning in 2000 and lasting until today.  The subject issue on appeal is framed by two prior opinions issued by this court.  The first is *In re Estate of Young* (2008) 160 Cal.App.4th 62 (*Young*) (Respondent's petition under § 850, requesting orders to establish the Estate's ownership of disputed real properties and personal property that were held by land trusts and business trusts; held, the Estate was the prevailing party, because it showed sufficient evidence of undue influence and fraud by Charles and others in the establishment of the trusts).  The second is our unpublished opinion by the same name, resolving three consolidated appeals by Charles arising from a related set of five probate court orders issued in 2012, in proceedings on various petitions filed by different parties, including Charles, during the administration of the Estate.  (*In re Estate of Young* (March 20, 2014, D062420), our second prior opinion.)

During preparation of the record, this court sent a letter to the parties dated November 13, 2013, stating as follows:  "The notice of appeal filed by [Appellant] indicates he is appealing from an order of the superior court issued on June 21, 2013 that 'reissued and extended' the letters testamentary to the executor.  [¶] In California, the right to appeal is wholly statutory.  [Citations.]  To exercise that right, a party must

_____

1       All further statutory references are to the Probate Code unless noted.

2

appeal from a statutorily declared appealable judgment or order. (Code Civ. Proc., § 904.1.) In probate matters, an appeal may be taken from any order made appealable by the Probate Code. (Code Civ. Proc., § 904.1, subd. (a)(10).) 'With respect to a decedent's estate, the grant or refusal to grant the following orders is appealable: [¶] (a) Granting or revoking letters to a personal representative, [etc.]' (Prob. Code, § 1303, subd. (a).) The parties are requested to address in their respective appellate briefs whether the order at issue is appealable."[2]

We have reviewed the briefs on appeal and shall explain that Charles's current appeal must be dismissed on our own motion, for lack of an appealable order. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8 [" 'A "reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine." ' "].)

I

*BACKGROUND; PRIOR APPEAL*

We first take note that the current appeal is closely related to the issues resolved in the second prior opinion, because the probate court orders that Charles challenged there included (a) a denial of his fourth petition to remove Respondent as the personal

---

[2] This court also asked the parties for discussion of the issue of whether the superior court had jurisdiction to deny Charles's application to proceed with the appeal as a vexatious litigant. However, we deem that issue to be moot because our presiding justice granted Charles's request for permission to appeal, and allowed his superior court notice of August 7, 2013 to be implemented. (Code of Civ. Proc., § 391.7, subd. (b).) We also granted Charles's unopposed motion to augment the record. The record designated on appeal incorporates the records from the three consolidated appeals that gave rise to our second prior opinion.

3

representative of the Estate; (b) approval of Respondent's first amended accounting; (c) the grant of Respondent's motion for designation of Charles as a vexatious litigant (Code Civ. Proc., § 391 et seq.); and (d) approval of Respondent's second and final report and petition. We affirmed each of those orders over Charles's objections. (Cal. Rules of Court, rule 8.1115(b)(1) [unpublished opinion may be cited and relied on as relevant under the doctrine of law of the case, res judicata or collateral estoppel].)

Now, Charles is seeking to set aside the probate court's order that extended and reissued Respondent's letters testamentary. The history of those letters, as set forth in the second prior opinion, shows the original 2000 appointment of Respondent was as Young's personal representative and special Estate administrator (intestate). (§ 8540 et seq.) However, the will was produced and on November 5, 2002 Respondent's petition for probate of the will as personal representative and for letters testamentary was approved (with Charles's consent). (§§ 8005, 8400 et seq.)

Subsequently, at the August 26, 2011 ex parte proceedings, the probate court relied on the November 5, 2002 minute order as showing that the record supported a finding that the petition for probate of the will was currently ready for further proceedings, based upon the filings and publication already made. Renewed letters testamentary appointing Respondent as executor were filed September 8, 2011, granting authority to administer the Estate.

Also as summarized in the second prior opinion, Respondent's first amended accounting of Estate expenses was approved on March 23, 2012. Charles had objected and sought reconsideration of the previous approval order. The probate court denied his

4

requests both as to reconsideration and on the merits, at a hearing on May 8, 2012. Charles again requested (for at least the fourth time) that Respondent be removed as the "De-Facto Personal Representative." His request was denied with prejudice on June 5, 2012.

On July 31, 2012, the probate court granted Respondent's motion to declare Appellant to be a vexatious litigant. (Code Civ. Proc., § 391 et seq.) The court ordered him to furnish security prior to filing any additional petition seeking removal of Respondent as personal representative of the Estate, and imposed a prefiling order to prevent Appellant from filing any new litigation in propria persona, without obtaining leave from the presiding judge.

Over the objections of Appellant, on December 7, 2012, the probate court approved Respondent's "Executor's Second and Final Report and Petition for Accounting," and allowed final distribution and fees for both Respondent and his attorney. We affirmed.

II

*APPEALABILITY OF SUBJECT ORDER*

A. Applicable Standards

As an appellant, Charles has the burden of providing an adequate record and of showing that error occurred and that it was prejudicial. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) The arguments on appeal must be restricted to documents in the record, and we generally may not consider references to matters outside the record. (Cal. Rules of Court,

rule 8.204(a)(2)(C) [appellant's opening brief must provide a summary of significant facts limited to matters in the record on appeal].)  Absent an adequate record to demonstrate error, a reviewing court presumes the judgment or order is supported by the evidence.  (*In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136-1137.)

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules."  (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)  For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' "  (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  "We are not bound to develop appellants' arguments for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 [a brief's lack of any legal argument may constitute abandonment of appeal, justifying dismissal].)

" 'A "reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine." [Citation.]  An appealed-from judgment or order is presumed correct.  [Citation.]  Hence, the appellant must make a challenge.  In so doing, he must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made" [citations].  If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal.

6

[Citation.]  In that event, it may order dismissal.' "  (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th 529, 544, fn. 8; *In re Sade C.* (1996) 13 Cal.4th 952, 994.)

### B.  Evaluation of Challenged Order; Analysis

In his current challenge to the June 2013 ex parte order that extended and reissued Respondent's letters testamentary, Charles again argues (a) there were fatal jurisdictional defects in the appointments of Respondent as special administrator and/or personal representative during 2000 through 2002, and (b) that the probate court erred in 2011 by determining that the will, once located, had been admitted to probate at an earlier time, and/or it improperly interpreted the probate examiner's notes in the file regarding a possible continuance or further publication requirements.  Charles believes he was entitled to a statement of decision, although this ex parte matter was not a trial of contested facts giving rise to such a requirement.  (Code Civ. Proc., § 632.)  He also seems to contend the 2013 extension proceeding should not have been conducted ex parte.  (But see Super. Ct. San Diego County, Local Rules, rule 4.7.6 [matters which may be heard ex parte include enumerated types, or "L.  Matters as allowed at the discretion of the court.  The court will not hear contested matters in the absence of extraordinary circumstances."].)

We cannot reach any of these claims unless the subject ex parte order was properly appealable.  Under Code of Civil Procedure section 904.1, subdivision (a)(10), an appeal may be taken "[f]rom an order made appealable by the provisions of the Probate Code . . . ."  (§ 1300 et seq.)  Section 1303, subdivision (a) authorizes appeals from the grant or refusal to grant the following orders:  "(a) Granting or revoking letters to a personal representative . . . ."  (*McDonald v. Structured Asset Sales, LLC* (2007) 154

7

Cal.App.4th 1068, 1072 [generally, a ruling in a probate proceeding is not appealable unless expressly made appealable by statute].)

Our letter dated November 13, 2013 inquired about the appealability of the June 21, 2013 order that "reissued and extended" the letters testamentary. (§ 1303, subd. (a); Code Civ. Proc., § 904.1, subd. (a)(10).) Charles made only a minimal response. Respondent cited to the statutorily required formalities that were already satisfied, thus interpreting the subject order as an interim procedural step that is not properly appealable. (§§ 8120, 8402, 8404.)

Initially, a probate court grants official letters to a personal representative according to the procedures set forth in section 8400 et seq. (setting forth the application procedure, qualifications, oath, statement of duties and liabilities, and form of letters). Publication was required under section 8120 and bond should be posted, unless waived (§ 8480). Once an estate is closed through final distribution, the personal representative may obtain an order of discharge. (§ 12200 et seq. [closing of estate administration].)

Here, many years passed while the Estate and the related trust were being litigated, including a series of appointments of Respondent to various responsible capacities to act for the Estate. His final report for the Estate was approved in 2012. When Charles appealed that order and related ones, Respondent sought and obtained the ex parte order extending and reissuing the letters during the pendency of the appeal, which concluded with our second prior opinion in March 2014. The issues covered there included an affirmance of the probate court's order denying the (4th) request by Charles to have Respondent removed as personal representative.

8

Now, Charles raises only unintelligible jurisdictional challenges going back to the year 2000 that wholly disregard the subsequent history of the case in the probate court, and that have already been resolved in the second prior opinion. His attack on the extension and reissuance of the letters is essentially mooted and unnecessary to decide, due to the result outlined in the second prior opinion. There is " 'no reason to proceed to the merits of any unraised "points"—and, a fortiori, no reason to reverse or even modify the orders in question.' " (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8.)

Using another approach, "it is well established that a probate order's appealability is determined not from its form, but from its legal effect." (*In re Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755.) An appellate court will deem probate orders to constitute "a final judgment for purposes of appeal when . . . they have all the earmarks of a final judgment." (*Ibid*.) Where a challenged order is the only judicial ruling regarding the contested matter, and "nothing remains for judicial consideration," and there is "no other avenue for appellate review," then such circumstances justify treating the order as an appealable final judgment. (*Ibid.*)

Under those standards, it cannot be said that the underlying extension and reissuance order falls within any statutory category of appealable order, nor that it was equivalent to a final judgment. It did not determine with finality any rights of the parties in the probate action, but instead it only preserved the status quo, which had been established through compliance with statutory notice, publication and court approval requirements, as outlined in our second prior opinion. (Cal. Rules of Court, rule 8.1115(b)(1).) We therefore conclude the order is not appealable under section 1303,

9

subdivision (a), we have no jurisdiction, and we must dismiss this appeal. (*McDonald v. Structured Asset Sales, LLC, supra*, 154 Cal.App.4th 1068, 1075.)

The result of a dismissal of an appeal is to leave the underlying final order or judgment in place, effectively affirming it. This order of dismissal effectively confirms the disposition set forth in our second prior opinion. (Code Civ. Proc., § 913; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 762, p. 835.)

DISPOSITION

The appeal is dismissed. Costs are awarded to Respondent.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.


10