Filed 9/22/15  Castle Eurasia Corp. v. Federal Home Loans Corp. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CASTLE EURASIA CORPORATION, | |
| Plaintiff and Appellant, | E062166 |
| v. | (Super.Ct.No. RIC1310852) |
| FEDERAL HOME LOANS CORPORATION, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Craig G. Riemer, Judge.
Dismissed.

Meador & Engle and Alan Engle for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and appellant Castle Eurasia Corporation (Castle Eurasia) has filed this appeal contesting the dismissal of its second amended complaint filed in the Riverside County Superior Court against defendant and respondent Federal Home Loans Corporation (FHLC).

1

## FACTUAL AND PROCEDURAL HISTORY

Defendant's second amended complaint raised one cause of action against FHLC in relation to a loan that Castle Eurasia obtained and renegotiated with FHLC for property that was owned by Castle Eurasia. FHLC filed a demurrer.

The trial court granted FHLC's demurrer on July 17, 2014. The order of dismissal with prejudice and without leave to amend was filed on August 15, 2014. On August 19, 2014, another order was filed awarding costs to FHLC as the prevailing party. Defendant filed its notice of appeal on October 16, 2014.

On March 11, 2015, FHLC filed a motion to dismiss the appeal on the ground that the notice of appeal was untimely filed. On April 9, 2015, we granted FHLC's motion as to the judgment of dismissal finding that the notice of appeal was due on October 14, 2014. However, we found that Castle Eurasia "may challenge on appeal the post-judgment award of costs reflected in the August 19, 2014 order."

On April 14, 2015, Castle Eurasia filed its opening brief, raising two issues: (1) the complaint states facts sufficient to support Castle Eurasia's claims and FHLC's demurrer should not have been sustained; and (2) leave to amend the complaint should have been granted. Castle Eurasia has raised no challenge to the postjudgment award of costs.

## DISCUSSION

By failing to raise the only appealable issue in the opening brief, we deem the claim abandoned.

"'An appealed-from judgment or order is presumed correct.  [Citation.]  Hence, the appellant must make a challenge.  In so doing, he must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made."'"  (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8.)

This case is similar to *Berger v. Godden* (1985) 163 Cal.App.3d 1113.  In that case, the appellant filed a first opening brief that was not in compliance with the California Rules of Court and appellant was given 30 days within which to file a conforming brief.  (*Id.* at p. 1116.)  Further, the order directed appellant to address two specific issues in the new opening brief.  (*Id.* at pp. 1116-1117.)  The appellant filed a second brief raising no discernible legal issues and failed to cite to any authority.  Moreover, the appellant did not address the two issues as ordered by the Court of Appeal.  (*Id.* at p. 1117.)  The *Berger* court dismissed the appellant's appeal for failing "to address in his second brief the two issues specified by [the] court" and for failing to advance any pertinent or intelligible argument.  (*Id.* at pp. 1117, 1119-1120.)

Here, Castle Eurasia was advised by this court that it could file an opening brief addressing the award of costs.  Despite this order, Castle has filed its opening brief raising claims that only address the wrongful dismissal of its complaint; issues that were foreclosed by our granting of FHLC's motion to dismiss.  As such, we deem any claim as to the costs awarded to respondent as abandoned and dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.  Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

4