Filed 8/26/21  County of Stanislaus v. Clinton G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| COUNTY OF STANISLAUS,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLINTON G.,<br><br>Defendant and Appellant. | F079308<br><br>(Super. Ct. No. 326264)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Kenneth J. Hara, Commissioner.

Clinton G., pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Smith, J. and Meehan, J.

Defendant Clinton G., in propria persona, appeals from a trial court order modifying the child support arrears payment plan to Charlene G. for their child T.G. The trial court ordered Clinton G. to pay $250 per month until child support arrears were paid in full and assigned his wages to that purpose. On appeal, Clinton G. asks that we lower the payment amount because he had no ability to pay. However, his appeal has numerous procedural deficiencies, he chose to proceed without the reporter's transcript, and the clerk's transcript he requested is very limited, all making assessment of his claims impossible. Plaintiff County of Stanislaus did not submit a response on the merits. We dismiss Clinton G.'s appeal.

On May 15, 2019, the trial court held a hearing on defendant's child support arrearage. At that hearing, Clinton G. "requested [the] payment plan remain at $50 per month" and that the court "stay … enforcement" of the plan. Instead, the court ordered an assignment of wages for child support in the amount of $250 per month, until Clinton G. had paid the arrears in full.[1]

On May 17, 2019, defendant filed a notice of appeal.

On September 30, 2019, defendant filed a document that we deemed an appellant's opening brief.

On October 30, 2019, we returned that document to Clinton G.—because of the "numerous deficiencies" it contained, "includ[ing] the lack of a table of authorities, the failure to make any recognizable argument and to incorporate citations to authority in the arguments, and the failure to provide any citations to the record"—and provided him with a copy of California Rules of Court, rule 8.204.[2] Our order explicitly instructed Clinton

---

[1] The record does not reflect the total amount due or whether any showing was made at the hearing regarding Clifton G.'s ability to pay.

[2] All further rule references are to the California Rules of Court.

G. that the amended brief must correct the identified deficiencies and that failure to comply could result in dismissal.

On December 3, 2019, defendant filed an amended opening brief. That brief does not contain a table of authorities (rule 8.204(a)(1)(A)), contains no legal argument or citation to any legal authority (rule 8.204(a)(1)(B)), and provides no citation to the record (rule 8.204(a)(1)(C)).

Clinton G.'s amended brief fails to correct significant errors identified in our prior order. Critically, it fails to identify any legal error in the trial court's ruling or present any legal argument supported with citation to the record or pertinent authority. " 'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment. It is entitled to the assistance of counsel [or the litigant if, as here, the litigant chooses to represent himself]. Accordingly every brief should contain a legal argument with citation to the authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050.) An appellant's failure to articulate intelligible legal arguments in the opening brief may be deemed an abandonment of the appeal justifying dismissal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) Likewise, a failure to present arguments with adequate and comprehensible references to the record on appeal and citation to legal authority can result in forfeiture of any contention that could have been raised on appeal. (Rule 8.204(a)(1)(B) & (C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Clinton G.'s brief consists mostly of a summary of facts not contained in the record on appeal and his assertions that he does not have the means to pay the ordered arrears. While we are sympathetic to the fact that Clinton G. is not represented by counsel, his status as a self-represented litigant does not exempt him from the rules of appellate procedure or relieve his obligation to present intelligible argument supported by the record and legal authority. (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at pp. 1246–

3.

1247.)  The trial court's judgment is presumed to be correct on appeal, and it is the appellant's burden to affirmatively show prejudicial error.  (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)  Here, Clinton G's failure to make such a showing through relevant legal argument supported by adequate references to the record requires dismissal of the appeal.

## <u>DISPOSITION</u>

The appeal is dismissed.  Each party shall bear their own costs on appeal.