Filed 7/24/24  Orange Tree Condominium Owners Assn. v. Do CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ORANGE TREE CONDOMINIUM OWNERS ASSOCIATION, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> HANH THI MY DO, <br><br> Defendant and Appellant. | G062672 <br><br> (Super. Ct. No. 30-2021-01235743) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Nick A. Dourbetas, Judge. Affirmed.

Hanh Thi My Do, in pro. per., for Defendant and Appellant.

Fiore, Racobs & Powers and Andrew D. Scoble for Plaintiff and Respondent.

## INTRODUCTION

As lawyers, we may easily take for granted basic aspects of civil procedure, the methods we employ so often they become second nature. As judges, however, we recognize non-lawyers face a more daunting task as they litigate their matters before our courts. For them, the procedures so common to us can seem arcane, counterintuitive, or unwieldy. And so a little bit of patience and understanding is required with self-represented litigants. They lack a lawyer's familiarity with the system and "are more prone to misunderstanding the court's requirements." (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.)

Yet "mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) This case demonstrates how some self-represented litigants take advantage of the leniency bestowed upon them. Some of them, like the appellant herein, appear to weaponize it, draining resources, energy, and time not only from their opponents, but from the courts.

Appellant Hanh Thi My Do was sued by her homeowners' association, respondent Orange Tree Condominium Owners Association (HOA) for breaching her development's conditions, covenants, and restrictions (CC&R's). Rather than filing a responsive pleading, appellant filed other documents. After two months, the HOA entered appellant's default, and judgment was entered on the default some months afterward. Appellant filed a motion to set aside the default, but it was denied because it was untimely and also because it did not present any evidence of "mistake, inadvertence, surprise, or excusable neglect" as a result of which the default

2

judgment was entered. (Code Civ. Proc., § 473, subd. (b).)[1] We conclude the trial court was correct to deny the motion and affirm the judgment.

## FACTS

For the more than 3,500 pages of documentation submitted in the record[2], the facts we need to enumerate are really quite simple. Appellant Hanh Thi My Do acquired title to the residence located at 324 Tangelo in Irvine on November 21, 2016.[3] In late 2016, the HOA noticed there was unapproved construction going on and sent a notice of violation to appellant.

This set in motion a pattern of verbal wrangling between appellant and the HOA, culminating in a cease and desist letter dated November 21, 2017, by which the HOA demanded appellant cease all unauthorized construction. After the HOA sought to access appellant's property in order to determine if asbestos remediation was necessary, appellant refused and filed a lawsuit on October 5, 2018. She later dismissed the lawsuit in March 2019.

Apparently, appellant's unauthorized construction continued, as did issuance of further HOA cease-and-desist letters. After more back-and-

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] In addition to her briefing and the clerk's transcript, appellant has continued to file a barrage of documents in our court. Her filings are largely indecipherable to us upon multiple readings, including documents entitled "compliance notice" and "request for judicial notice." We have treated all such documents as requests for judicial notice, and we deny all of them because none of the exhibits appellant attaches are necessary or germane to the question presented to us on appeal. We also deny appellant's purported motion for stay filed on May 10, 2024, as appellant presented no cognizable basis to persuade us to stay the appeal.

[3] Because this appeal comes to us from a motion to vacate default, we derive our summary of the facts of the lawsuit solely from the allegations of the complaint filed by the HOA.

3

forth, and appellant's refusal to coordinate the construction with the HOA, the HOA's board levied assessments against appellant. In February 2021, appellant transferred the property title to her daughter Linh Khanh Huynh.

On December 10, 2021, the HOA filed a complaint against appellant and Linh alleging three causes of action for breach of the CC&R's, nuisance, and declaratory relief. The HOA personally served appellant with the complaint on December 19, 2021. The following day, on December 20, 2021, appellant filed an ex parte application related to Linh's status as a defendant. Then on December 23, 2021, appellant filed a document labeled "the opposition of Orangetree's complaint." It contained a memorandum of points and authorities, and appeared to seek relief under section 128.5. It also sought to "terminate defendant's lawsuit," but was otherwise very difficult to understand. On December 30, 2021, appellant filed what appears to be an ex parte application for injunctive relief. On February 7, 2022, appellant filed what appears to be an ex parte application for lis pendens or motion to compel arbitration. Appellant's February 7 ex parte application was denied on February 9, 2022, with the court saying she had failed to set forth "irreparable harm."

On February 14, 2022, the HOA requested the clerk enter appellant's default, and default was duly entered on February 15, 2022. On October 14, 2022, the HOA filed an application for entry of default judgment with supporting documentation. Three days later, the court held a case management conference at which appellant appeared and attempted to address the court. The court informed her that she was in default, and advised it would be reviewing the HOA's default packet.

On November 9, 2022, judgment was entered against appellant for over $226,000 in damages, fees, and costs.

4

On December 7, 2022, appellant filed a motion to set aside or vacate the default judgment pursuant to section 473.[4] In it, appellant pointed to the "opposition" she filed on December 23, 2021, and claimed she had indeed answered the complaint in less than 30 days from the date of service.[5] She also raised several objections with the merits of the judgment. The HOA filed an opposition to the motions on April 26, 2023, arguing appellant had shown no basis under section 473 to vacate the default judgment. The court held a hearing on May 12, 2023, and denied the motions to vacate default.

DISCUSSION

We first address the HOA's motion to dismiss the appeal, or in the alternative, to strike appellant's opening brief. The HOA correctly points out that appellant's opening brief is rambling and lacks any cogent or intelligible argument regarding the May 12, 2023 ruling from which the appeal is taken. It is also defective under California Rules of Court, rule 8.204(a). California Rules of Court, rule 8.204(a)(1)(C) requires a citation to the volume and page number of the record for all references thereto. No record references appear in appellant's opening brief. Also, under California Rules of Court, rule 8.204(a)(2)(A), an appellant is required to state the judgment or order appealed from. Appellant does not refer to the May 12, 2023 order, but rather, the November 9, 2022 default judgment.

The HOA is also correct that we have discretion to dismiss an appeal as abandoned where the appellant fails to "articulate any pertinent or

---

[4] Appellant filed almost exactly the same motion the following day, so we view the motions as one and the same.

[5] Appellant also employed caustic language toward the superior court clerk, whom she encouraged to "use the calculator to count the date if having difficulties of the subtraction."

5

intelligible legal argument in an opening brief[.]" (See *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) Appellant's opening brief certainly meets this standard, as we are unable to discern anything useful to our review from it. Nevertheless, we conclude the better approach here is to affirm the trial court's judgment on its merits precisely because appellant has given us no legal reason to reverse it.

Contrary to appellant's belief, she never timely responded to the complaint, at least not in any way recognized by the code. "The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints." (§ 422.10.) "Permissible pleadings by a defendant are a demurrer, answer, cross-complaint and demurrer to the answer to a cross-complaint." (*Swain v. Swain* (1967) 250 Cal.App.2d 1, 9.) Even to the extent the court could understand what appellant was seeking through her "opposition" filed December 23, 2021, there is no such responsive pleading.

Since her December 23 filing was insufficient to constitute a responsive pleading, the clerk was correct to enter her default on February 15, 2022. Appellant sought relief from the default under section 473, but provided no basis for relief under it. Section 473, subdivision (b) permits the court to vacate a default or default judgment if it was taken due to the defendant's "mistake, inadvertence, surprise, or excusable neglect." This relief must be requested within a reasonable time, and "in no case exceeding six months" after entry of the default or default judgment. (*Ibid.*) While appellant's motion was filed within six months of entry of the judgment, it was not filed within six months of entry of default. And in any event, appellant presented no evidence she failed to file a responsive pleading due to "mistake, inadvertence, surprise, or excusable neglect." Under section 473, subdivision (d), a judgment may be vacated if it is "void." There was no

evidence presented to indicate the judgment was void, even if appellant may have taken issue with the relief contained in it.

Because appellant presented no reason for the trial court to grant her motions, we find they were properly denied and we affirm the judgment.

## DISPOSITION

The judgment is affirmed. Respondent to recover its costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

GOETHALS, J.

GOODING, J.

7