Filed 11/22/24  A.M. v. Butkys CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| A.M., | B333671 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23PDRO01617) |
| v. | |
| KRISTOFAS BUTKYS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy Martella, Judge.  Dismissed.

Kristofas Butkys, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Because this appeal is determined by well-settled legal principles, we decide it by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.)

Kristofas Butkys appeals from a five-year elder abuse restraining order entered against him barring, among other things, contact with or proximity to respondent A.M.[1] Butkys's appellate brief contains no statement of facts. The reporter's transcript of testimony at the restraining order hearing shows A.M. is 69 years old. Butkys is the nephew of A.M.'s spouse. Butkys repeatedly harassed A.M. in person at A.M.'s home, leaving A.M. terrified. During these many visits, Butkys showed up uninvited, threatened to kill A.M. and his relatives (including by beheading them) because they had purportedly committed treason and other crimes, and refused to leave the property. Butkys was present for the restraining order hearing, and confirmed when testifying that he wanted to kill A.M. and intended to behead him.

The appellate record consists only of the case register listing the documents in the court's docket, a reporter's transcript of the hearing on the petition, the minute order from the restraining order hearing, and notices of appeal and designation of the record. It does not contain the restraining order that Butkys seeks to appeal or the petition requesting that restraining order. The record also does not contain the proof of service filed with the court showing service of the restraining order request on

---

[1] We refer to respondent A.M. by his initials pursuant to California Rules of Court, rule 8.90(b)(8), which addresses the personal privacy interests of protected persons in elder abuse prevention proceedings.

2

Butkys, despite oblique references in his brief to purported jurisdictional issues. "It is appellant['s] burden to provide an adequate record on appeal. [Citation.] To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1048, fn. 1.) Butkys fails to demonstrate any jurisdictional defect. He was present and participated in the restraining order hearing, and remained present when the court granted the restraining order against him.

Butkys's brief fails to comply with the requirements of California Rules of Court for appellate briefs. Among other things, it contains no citations to the record (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C)) and lacks any pertinent or intelligible legal argument regarding purported error in the trial court's ruling (*id.*, rule 8.204(a)(1)(B)). We are " 'not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.' " (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050.) Where an appellant's brief fails to contain cognizable legal argument with citation to supporting authorities, we may deem the appeal as abandoned, justifying dismissal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Butkys's brief is a collection of statements such as "The basic argument is that these people should receive the death penalty" and "**ARGUMENT.** The meaning of 'Kris' (will fall[ ] in Lithuanian[)], matriarchal Catholic pedophile cult 'first born double portion [']will fall bunny[,'] " and accusations using the N-word. These statements are not legal argument, and we decline to consider them. Butkys's failure to present any cognizable

3

argument supported by adequate references to the record and by legal authority requires dismissal of the appeal.

## DISPOSITION

The appeal is dismissed.  As respondent did not appear, the parties are to bear their respective appellate costs.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



BENDIX, Acting P. J.



KLATCHKO, J.*

---

\* Judge of the Riverside County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.