Filed 12/3/14  Woodward v. Ocwen Loan Servicing CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ROBERT WOODWARD, et al., | D064254 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2012-00068894-CU-OR-EC) |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Dismissed.

Robert Woodward and Denise Woodward, in pro. per., for Plaintiffs and Appellants.

Houser & Allison, Eric D. Houser and Gabriel Ozel for Defendant and Respondent.

Plaintiffs and appellants Robert Woodward and Denise Woodward, self-represented litigants (Appellants), appeal from a judgment of dismissal of the first amended complaint they filed against defendant and respondent Ocwen Loan Servicing,

LLC (Respondent), entered after Respondent's demurrer was sustained without leave to amend.

We have reviewed the briefs and record and shall explain that the current appeal must be dismissed on our own motion, for lack of an adequate record to review and because Appellants have not explained how any appellate issues have arisen from the identified ruling. (Cal. Rules of Court, rules 8.204(a)(1)(B), 8.204(a)(2)(C) [appellant's opening brief must provide not only legal arguments and authorities, but also a summary of significant facts limited to matters in the record on appeal]; all rule references are to these rules; see *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8 [" 'A "reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine." ' "].)

I

*PROCEDURAL BACKGROUND*

This appeal was initially erroneously dismissed, but at the direction of the California Supreme Court, that order was vacated and the case reinstated, with directions to reconsider the matter as we see fit. A waiver of fees was granted and Appellants filed a designation of record and a civil case information statement. The clerk's transcript contains a copy of the judgment of dismissal with prejudice and the notice of appeal. Unfortunately, the record does not contain copies of the pleadings or the moving papers on the demurrer.

However, the record does contain Appellants' request for a trial by jury, which may have been their intended opposition to the demurrer. Appellants argued as follows:

2

"Defendant has failed to produce one single, solitary, legal proof of evidence, that the defendant was ever legally assigned the Deed of Trust or the Plaintiffs' promissory note. [¶] Defendant has committed numerous violations of the California Homeowners' Rights Act and law, by using robo-signed and robo-notarized documents, and has committed 'dual-tracking,' both prohibited by the California Homeowners' Rights Act. [¶] Defendant has shown that it was dealing in bad faith, when it threatened, harassed, and intimidated the Plaintiffs, as has been filed in the court by the Plaintiffs. [¶] Defendant employed a real estate trustee, which was owned and associated with the Defendant itself, a violation of California real estate laws, that real estate trustees, involved in property foreclosures, be neutral and impartial, and not have any association or ties, to either the borrower or the mortgage lender."

We later granted Appellants' motion for relief from default, effectively allowing their requested augmentation of the record. Appellants thus added to the record a copy of a December 20, 2013 newspaper article about Respondent's negotiated settlement with federal regulators and 49 states, including California, to reduce certain loan balances and refund money to about 185,000 borrowers whose loans were foreclosed. The article says that the deal is subject to federal court approval. Also, Appellants supplied a copy of a May 31, 2005 recorded deed of trust in favor of Fieldstone Mortgage Company, on the borrowers' (Appellants') property.

Before the scheduled oral argument, Appellants requested the Court to consider a typed copy of their proposed argument on the ground it would get their thoughts across more effectively. Although the request stated that Appellants had served a copy of the

3

proposal on Respondent's attorney, he responded at the hearing that he had not received it. At our direction, the clerk provided him with another copy of the proposal, and the matter was submitted for decision.

## II

### *DISCUSSION*

#### A. Applicable Standards

Appellants have the burden of providing an adequate record and of showing that error occurred and that it was prejudicial. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) The arguments on appeal must be restricted to documents in the record, and we generally may not consider references to matters outside the record. (Rule 8.204(a)(2)(C) [appellant's opening brief must provide a summary of significant facts limited to matters in the record on appeal].) Absent an adequate record to demonstrate error, a reviewing court presumes the judgment or order is supported by the evidence. (*In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136-1137.)

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to

4

develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 [a brief's lack of any legal argument may constitute abandonment of appeal, justifying dismissal].)

" 'A "reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine." [Citation.] An appealed-from judgment or order is presumed correct. [Citation.] Hence, the appellant must make a challenge. In so doing, he must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made." [Citations]. If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal. [Citation.] In that event, it may order dismissal.' " (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th 529, 544, fn. 8; *In re Sade C.* (1996) 13 Cal.4th 952, 994.)

B. Evaluation of Challenged Order and Judgment; Analysis

Normally, the rule applies that " 'A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground.' " (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.) If we had the first amended complaint, for purposes of analysis of the dismissal, we could take into account any well-pleaded material allegations of the operative facts, or matters properly subject to judicial notice. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734, fn. 2; *Thornton v. California Unemployment Ins. Appeals Bd.* (2012) 204 Cal.App.4th 1403, 1408.)

5

However, the designated record does not include the first amended complaint, or the demurrer or its related points and authorities, or the minute order sustaining the demurrer. It is unclear from the record when any notice of trustee's sale of the property was recorded, or when Appellants sued Respondent to challenge the foreclosure, or on what grounds.

Appellants' current briefing raises only allegations that Respondent "pushed borrowers into foreclosure, through illegal activities," such as the use of robo-signing and dual-tracking. Appellants contend that Respondents should have produced an unbroken chain of deed of trust and promissory note assignments, in order to provide evidence of a right to foreclose. (But see *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 270-272 [plaintiff must plead and prove facts demonstrating improper notices of default and sale were utilized, and to their prejudice].)

As noted above, the appellate courts in this case have made diligent efforts to enable Appellants' arguments to be heard on the merits. However, in light of the unintelligible and unsupported nature of the challenges made to the judgment of dismissal, we are unable to " 'proceed to the merits of any unraised "points." ' " (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8; rules 8.204(a)(1)(B), 8.204(a)(2)(C) [legal arguments and authorities required of an appellant, as well as summary of significant facts in the record].) We accordingly treat any underlying potential arguments as waived, and we resort to the well-accepted presumption that the judgment is legally sound and supported by the evidence. (*Nelson v. Avondale*

6

*Homeowners Assn.*, *supra*, 172 Cal.App.4th 857, 862; *In re Angel L., supra,*
159 Cal.App.4th 1127, 1136-1137.)

DISPOSITION

The appeal is dismissed.  All parties shall bear their own costs on appeal.


                                                    HUFFMAN, Acting P. J.

WE CONCUR:


              NARES, J.


              IRION, J.