Filed 3/14/22  Qiu v. Saint Francis Memorial Hospital CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| HAIQING QIU,<br><br>    Plaintiff and Appellant,<br>v.<br><br>SAINT FRANCIS MEMORIAL HOSPITAL et al.,<br><br>    Defendants and Respondents. | A159716<br><br>(San Francisco County<br> Super. Ct. No. CGC 19572886) |

Plaintiff Haiqing Qiu filed a lawsuit against defendants Dignity Community Care (Dignity) doing business as Saint Francis Memorial Hospital and the City and County of San Francisco (City).  The lawsuit related to the death of his mother, and Qiu alleged "a malpractice wrongful death compensation case."  Qiu represented himself.  He also informed the trial court he does not understand English and he first wrote the complaint in Chinese and then it was translated into English.

The City filed a motion for judgment on the pleadings, and the trial court granted the City's motion without leave to amend on December 3, 2019. Dignity moved for terminating sanctions based on discovery violations, and the trial court granted Dignity's motion and entered a judgment of dismissal on December 19, 2019.

1

Qiu filed a notice of appeal, in which he wrote he was appealing orders dated "10-15-2019" and "12-19-2019." This appears to refer to an order granting Dignity's motion to compel discovery, which was filed October 15, 2019, and the judgment of dismissal filed December 19, 2019. Qiu also intends to appeal the order granting the judgment on the pleadings in favor of the City, and the City has filed a respondent's brief. Qiu has continued to represent himself on appeal.

On August 27, 2020, this court received a lengthy document from Qiu titled "Supplementary Appeal Complaint in 124 Pages, Attachment" part of which was in Chinese. After several months passed and Qiu submitted no further documents to this court, we treated the "Supplemental Appeal Complaint" as his opening brief, and, on April 23, 2021, issued a detailed order stating that it did not comply with the California Rules of Court[1] concerning the contents and format of briefs. Among other things, the document contained no citations to the record on appeal (rule 8.204(a)(1)(C)), lacked pertinent or intelligible legal argument (rule 8.204(a)(1)(B); see also *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1116-1120 (*Berger*)), and did not include a certificate of interested entities or persons (rule 8.208). In addition, the document did not identify the order or judgment appealed from (rule 8.204(a)(2)) and did not include a certificate of word count (rule 8.204(c)(1)). We ordered that the "Supplemental Appeal Complaint" not be filed and that it be returned to Qiu. It was further ordered that Qiu file a brief in compliance with the California Rules of Court within 20 days.

On June 2, 2021, this court received Qiu's opening brief, which still did not comply with the California Rules of Court concerning the contents and form of briefs. The brief lacked citations to the record, lacked pertinent and

---

[1] Further rule references are to the California Rules of Court.

2

intelligible legal argument, did not include a certificate of interested entities or persons, did not identify the order or judgment appealed from, and did not include a certificate of word count.

On June 9, 2021, this court ordered the brief not be filed and that it be returned to Qiu. Qiu was ordered to file a brief in compliance with the California Rules of Court within 20 days. In our order, we explained that Qiu was required to follow correct rules of procedure even though he was representing himself. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) We also warned that failure to file a corrected brief within the specified time could result in dismissal of the appeal.

On September 23, 2021, we dismissed the appeal for (1) failure to file a brief in conformity with the California Rules of Court after the initial brief was returned for noncompliance with the rules and (2) failure to advance any pertinent or intelligible legal argument.

On October 20, 2021, Qiu submitted a "Petition by the appellant against the dismissal of the appeal by the Court of Appeal." Two days later, we accepted the petition for filing. Construing Qiu's petition as a motion to reinstate his appeal, we granted the motion. Our order provided that Qiu must file an opening brief in compliance with the California Rules of Court within 15 days.

On November 1, 2021, Qiu filed an "opening brief" that comprised over 700 pages of documents. The document appears to be a compendium of many documents, some in English and some in Chinese; nothing in the 700 pages appears to be a compliant appellate brief (with, for example, a table of contents, table of authorities, and issues stated under separate headings as required by rule 8.204(a)(1)(B) and (C), and legal argument). But the

3

document was accepted for filing. Dignity and the City filed separate respondent's briefs, and Qiu did not file a reply.

In an appeal, "[i]t is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) "The appellate court is not required to search the record on its own seeking error." (*Id.* at p. 768.) An appellant must "support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

"[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may . . . be deemed an abandonment of the appeal justifying dismissal." (*Berger*, *supra*, 163 Cal.App.3d at p. 1119.)

In this civil appeal, Qiu fails to identify any legal error in the trial court's orders or articulate any intelligible legal argument supported with pertinent authority and citation to the record. For example, on page 258 of his opening brief, Qiu writes that he "strongly opposes [the City's] motion to withdraw from the case," but he does not challenge the legal grounds on which the trial court granted judgment on the pleadings (which were Qiu's failure to comply with the Government Tort Claims Act, failure to allege breach of a legal duty, and that mayors are not vicariously liable for injuries caused by the act or omission of the public entity under Government Code section 20.9.) On page 493, Qiu writes that he "strongly objects and disagrees with" the court's order of December 19, 2019, and "requests [the] Judge to support the arguments and claims of the appellant." But the Court of Appeal "do[es] not serve as 'backup appellate counsel,' or make the parties'

4

arguments for them." (*Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14.)

While we are sympathetic to Qiu's circumstances of representing himself, his status as a self-represented litigant does not exempt him from the rules of appellate procedure or relieve his obligation to present intelligible argument supported by the record and legal authority. (*Nwosu v. Uba, supra*, 122 Cal.App.4th at pp. 1246–1247.)

We dismiss the appeal because Qiu has failed to offer relevant legal argument on any theory of error supported by evidence in the record. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8 [when an appellant fails to " 'raise claims of reversible error or other defect' " with " ' "argument and authority on each point made," ' " the appellate court may deem the appeal abandoned and order dismissal; *Berger, supra*, 163 Cal.App.3d at p. 1120–1121 [dismissing appeal where appellant's brief "failed to make any arguments to support any theory of error"].)

## DISPOSITION

The appeal is dismissed. The parties shall bear their own costs on appeal.

_____
Miller, J.

WE CONCUR:

_____
Richman, Acting P.J.

_____
Mayfield, J.*

A159716, *Qiu* v. *St. Francis Memorial Hospital et al.*

---

*Judge of the Mendocino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.