Filed 8/23/22 Fan v. City of Newport Beach CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| YAXIAN FAN, | |
| Plaintiff and Appellant, | G060429 |
| v. | (Super. Ct. No. 30-2019-01072057) |
| CITY OF NEWPORT BEACH, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, Glenn R. Salter and Stephanie George, Judges.  Dismissed.  Respondent's motion to dismiss appeal.  Granted.  Appellant's request to provide supplemental briefing.  Denied.

Yaxian Fan, in pro. per., for Plaintiff and Appellant.

KER Legal Group and Keith E. Rodenhuis, for Defendant and Respondent.

\*          \*          \*

Yaxian Fan appeals from: (1) a judgment of dismissal following the trial court's order granting respondent City of Newport Beach's motion for summary judgment; and (2) from a postjudgment order denying her motion to vacate the judgment of dismissal. Newport Beach (The City) filed a motion to dismiss the appeal. As explained below, Fan failed to timely notice an appeal from the judgment of dismissal, and she fails to present any intelligible argument the superior court erred in denying her motion to vacate. Accordingly, we dismiss the appeal.[1]

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2019, Fan filed a complaint against the City, and the matter was assigned to Judge Glenn R. Salter. The complaint is not in the record. However, from other documents in the record, we can infer that the complaint alleged Fan suffered a broken left arm and left heel when she jumped off a lifeguard tower in Marina Park. The complaint alleged the City did not post warning signs and failed to properly maintain the sand around the lifeguard tower by having "fluff sand" with a minimum depth of 12 inches and raking the sand daily to meet "national council safety requirements."

The City filed a motion for summary judgment or adjudication. The motion is not in the record. Nor is Fan's opposition to the summary judgment motion, if any. On December 3, 2020, the court, Judge Stephanie George presiding, granted the City's summary judgment motion, and the following day, the City provided Fan with notice of the ruling. On March 3, 2021, the trial court entered judgment on Fan's

---

[1] After briefing was completed and the matter set for oral argument, Fan filed a document entitled "Appellant's provide all evidence as proofs that anonymity letter is false allegation." The document purports to respond to a postjudgment letter sent to the City from an anonymous third party alleging that Fan filed her personal injury claim in bad faith. We decline to consider the document as it addresses an issue not before this court. Specifically, in its briefing and its motion to dismiss the appeal, the City has not alleged Fan filed a bad-faith claim. Additionally, we decline to treat the document as supplemental briefing because under California Rules of Court, rule 8.200(a)(4), "No other brief may be filed except with the permission of the presiding justice, unless it qualifies under (b) [supplemental briefing following remand from Supreme Court] or (c)(7) [amicus briefs]." The document does not fall within the exceptions for supplemental briefing.

2

complaint. The next day, the court clerk served the notice of entry of judgment on Fan via regular and electronic mail.

On May 21, 2021, Fan moved to vacate summary judgment. The motion stated Fan's claim against the City was based on four foreseeable dangerous conditions: (1) the close proximity of the lifeguard tower to a children's playground; (2) the dimensions of the tower (specifically, it is smaller and at lower level than other oceanfront lifeguard towers); (3) the compression of the sand surrounding the tower by the ocean tides, which made the sand as hard as concrete; and (4) the City's failure to surround the tower with "fluff sand," to rake daily, and to post warning signs. The motion also stated that Fan had new evidence to support her claim, specifically, photographs and videos she took on January 18, 2021, showing children jumping off the lifeguard tower.

The motion to vacate also argued Judge George had abused her discretion by permitting the City's counsel to submit a tentative ruling on the summary judgment before the hearing without notifying Fan in violation of California Rules of Court, rule 3.1308. She also faulted the court for not "read[ing] my files," and referenced several documents she submitted after the court had ruled on the summary judgment motion, including a December 7, 2020, motion to "contest tentative ruling granting Defendant['s] summary judgement." [*Sic*.]

On June 17, 2021, after a hearing on the motion to vacate, the trial court, Judge Salter, denied the motion. On June 23, 2021, Fan noticed her appeal from the March 3, 2021 judgment, and the June 17, 2021 order denying her motion to vacate.

II

DISCUSSION

The City contends Fan's appeal should be dismissed because it is untimely, and Fan's opening brief fails to articulate any pertinent or intelligible legal argument. We must agree.

First, Fan's appeal of the March 3, 2021 judgment is untimely. "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc*. (1997) 15 Cal.4th 51, 56.) California Rules of Court, rule 8.104(a) of the California Rules of Court provides in pertinent part that a notice of appeal must be filed on or before the *earliest* of "60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment," or "180 days after entry of judgment." Here, the clerk served notice of entry of judgment on March 4, 2021, but Fan did not file her notice of appeal until June 23, 2021, more than 60 days later. Fan has waited too long to appeal the order denying her motion for new trial, and thus that portion of her appeal must be dismissed.

Her appeal of the June 17, 2021 postjudgment order denying her motion to vacate must also be dismissed. At the outset, we note that the postjudgment order does not extend the deadline to appeal the summary judgment, but is separately appealable "even if it raises issues that could have been litigated via an appeal of the judgment." (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127.) Fan's opening brief, however, fails to articulate any pertinent or intelligible argument suggesting the trial court committed reversible error in denying her motion to vacate. Indeed, it does not discuss the motion to vacate, but solely discusses the order granting summary judgment. "[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an

4

opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Even were we to liberally construe the briefing as challenging the motion to vacate based on the same issues concerning the summary judgment, Fan failed to meet her appellate burden to "affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) Fan's briefing does not include any citations to the record. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited].) More important, the record does not permit meaningful review of the summary judgment because it does not include the complaint, the summary judgment motion and its supporting documents, Fan's opposition, or the hearing transcript. (See *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865 ["It is the duty of the appellant to present an adequate record to the court from which prejudicial error is shown"].) In addition, Fan's allegation she opposed the summary judgment is based on her unsworn statements, which are not evidence, or on new evidence submitted *after* the ruling on the summary judgment, which we cannot consider in reviewing the ruling. (*In re Zeth S.* (2003) 31 Cal.4th 396, 413-414, fn. 11.) Finally, Fan does not cite any authority for her claim that an error, such as the purported error related to tentative ruling, warranted reversing the judgment. (See *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"]; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

We are aware that Fan brings this appeal without the benefit of legal representation, but her status as an in propria persona litigant does not exempt her from

the rules of appellate procedure or relieve Fan of her burden on appeal.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  We treat in propria persona litigants like any other party, affording them "'the same, but no greater consideration than other litigants and attorneys.'"  (*Id.* at p. 1247.)  In sum, we exercise our discretion to dismiss the appeal here.  (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1119.)

## III

### DISPOSITION

The appeal is dismissed.  Respondent is awarded its costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.