Filed 9/6/22  Wertz v. Weigman CA4/3

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| VICTORIA WERTZ, as Trustee, etc., | |
| Plaintiff and Respondent, | G060589 |
| v. | (Super. Ct. No. 30-2019-01066813) |
| DOROTHY WEIGMAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Kim R. Hubbard, Judge.  Affirmed.  Motion for injunction.  Denied.

Dorothy Weigman, in pro. per., for Defendant and Appellant.

Schmiesing, Blied, Stoddart & Mackey, Austin N. Dillon and Anthony G. Lagomarsino, for Plaintiff and Respondent.

\*          \*          \*

Dorothy Weigman appeals from the probate court's order granting respondent Victoria Wertz's petition to approve an accounting over Weigman's objection. As explained below, Weigman has failed to show any prejudicial error. Accordingly, we affirm.[1]

I

FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2019, Wertz filed a petition for approval of an accounting of her administration of the Diana Engstrom Living Trust - 2007, from August 29, 2017 to January 2, 2019, and for an order approving the final distribution of the trust assets. The probate court docket shows Weigman, who was represented by counsel at the time, filed an objection to the petition on December 11, 2019, but the written objection is not in the record on appeal. From Wertz's response to the objection, however, we can infer that Weigman objected on the ground that there are assets belonging to Diana Engstrom that are outside of the trust and that Engstrom created a second trust. In Wertz's response, she submitted sworn declarations from herself, her husband and her counsel that they are not aware of any additional assets outside of the trust or a second trust.

On December 4, 2020, the probate court scheduled a court trial on Wertz's petition to begin on February 23, 2021. It ordered all documents "be filed five court days before trial." On February 16, 2021, Wertz filed a trial brief in which she further responded to Weigman's allegations. Wertz reiterated she is not aware of additional

---

[1] After briefing was completed and the matter set for oral argument, Weigman filed a document entitled "Injunction," which seeks a "preliminary injunction" "to freeze assets and return and restore all trusts to this trust." We deny the motion because it seeks a remedy not available in this court. Moreover, the purported motion seeks to litigate matters – such as whether the trustee acted improperly –that are already before this court in the direct appeal. Finally, to the extent Weigman seeks to preserve the status quo such as freezing assets, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order." (Code Civ. Proc., § 916.)

assets outside the trust or a second trust. She further argued that Weigman has not shown any breach of trust reflected in the accounting. Additionally, she argued Weigman improperly referenced matters that occurred before Wertz's appointment as trustee or were irrelevant to the administration of the trust.

Weigman's trial brief, if any, is not in the record. The trial was continued twice to accommodate Weigman.

On June 21, 2021, the court trial was held. The trial proceedings are reflected accurately in the court's subsequent minute order. As the court, noted Weigman asked questions about events that predated the accounting period or were irrelevant. "Objector although repeatedly . . . admonished by the Court, kept asking questions of events that allegedly occurred in 1988, 1997, 2007, etc. Further, Objector was unable to ask a relevant question approximately 90 [percent] of the time. She rambled on about conspiracies and stated on the last day of trial that if the court ruled in Petitioner's favor the stock market would crash the next day. The Court itself was asked inappropriate questions."

Following trial, in a July 15, 2021 minute order, the probate court approved the accounting. It overruled Weigman's objections to Wertz's petition because "[a]t the end of trial, Objector has made no showing, whatsoever, of any impropriety in the Trustee's accounting." In connection with this ruling, the court also declined to accept documentary evidence Weigman submitted for the trial because she failed to comply with the court's orders. The court explained that it had informed all parties in person that all trial exhibits had to be filed five court days before trial. "Further, this requirement is posted in the trial guidelines on the Court's public website." The court rejected Weigman's excuses. "At trial, Objector claimed that a court employee had told her the previous Thursday that she could file exhibits on Friday, June 18th and that would be acceptable to the court. That employee was subsequently located and questioned by the Court and reported that she told Objector she could bring the documents in but they were

3

to have been filed five (5) court days ahead of time and she did not know if the Court would accept them. Objector asserts that [a] judge was asked and said it was fine. I am the judge and was never asked regarding any exhibits and have not been able to find a judge in probate that was asked that question." "Objector also asserted that she had uploaded exhibits into the court's evidence portal. However, it is quite clear from the court's public website that the evidence portal is a pilot project only available to two courtrooms, at the moment, and C08 is not one of those courtrooms. Trial in this matter has always been set in C08."

Weigman noticed an appeal from the July 15, 2021 order.

II

DISCUSSION

Weigman's appellate briefing is unintelligible. (Cf. *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 ["failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal."].) California Rules of Court, rule 8.204(a)(2), provides that the opening brief *must*: "(A) State the nature of the action, the relief sought in the trial court, and the judgment or order appealed from; . . . and (C) Provide a summary of the significant facts limited to matters in the record." Weigman's opening brief does not comply with those requirements. It does not explain that Weigman is appealing an order approving an accounting. Nor does it provide a summary in the record of the significant facts relevant to that order.

Additionally, Weigman does not specify how the probate court's order is erroneous and why any error is prejudicial. On appeal, this court is required to presume the trial court's order is correct and must draw all inferences in favor of the trial court's decision. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "'[E]rror must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court*

4

(1970) 2 Cal.3d 557, 564.)  Further, we will not presume prejudice from an error.  It is an appellant's burden to persuade us that the court erred in ways that result in a miscarriage of justice.  (Cal. Const., art. VI, § 13; *In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 204-205.)

Weigman alludes to exclusion of her evidence, but does not acknowledge the probate court's evidentiary ruling or provide any record citation.  (See *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited]; see Cal. Rules of Court, rule 8.204(a)(1)(C) ["Each brief must . . . [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)  Moreover, she does not provide any reasoned argument or authority on how the excluded evidence would support her objection to the accounting.  "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review."  (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)  Rather, Weigman repeats the allegations she made below that she was "misled" by a court clerk and harmed by the "manipulation" of the "evidence portal."  The probate court addressed these claims and found them not credible.  In conclusion, Weigman has not met her appellate burden to demonstrate the probate court erred in granting Wertz's petition to approve her accounting.  (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

Finally, while we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney and, whenever possible, we will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, Weigman's status as an in propria persona

litigant does not exempt her from the rules of appellate procedure nor relieve her of that burden on appeal.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

## III

### DISPOSITION

The order approving the accounting and final distribution is affirmed. Respondent is entitled to her costs on appeal.



MARKS, J.*


WE CONCUR:


O'LEARY, P.J.


SANCHEZ, J.


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.