Filed 7/19/23  Elias v. Jensen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID ELIAS, | |
| Plaintiff and Appellant, | G061519 |
| v. | (Super. Ct. No. 30-2018-00980796) |
| SUZANNE JENSEN, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Kim R. Hubbard, Judge.  Affirmed.  Motion to augment record.   Denied.

David Elias, in pro per.

Murtaugh Treglia Stern & Deily, W. Rod Stern, Devin E. Murtaugh, Ashley Chinn and Alexandra Romano, for Defendants and Respondents, Suzanne Jensen and Sharon Sardina.

No appearance for Defendant and Respondent, Elizabeth Johnston.

\*            \*            \*

David Elias is before this court on the underlying matter for the second time. Previously, we denied his challenges to the trial court's orders denying his motion to rescind a settlement agreement and his petition to enforce a no contest clause. (See *Elias v. Jensen* (March 3, 2022) G060100 & G060101 [nonpub. opns.].) After remittitur, the trial court denied three additional petitions filed by Elias, concluding that the issues raised in those petitions were resolved in the settlement agreement, which had been affirmed. Elias appeals, but as explained below, he has failed to show any prejudicial error. Accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, Elias and other parties, including respondents Suzanne Jensen and Sharon Sardina, co-trustees of the J.G. Elias Trust, dated March 18, 2015, entered into a settlement agreement. After receiving cash distributions pursuant to the settlement agreement, Elias sought to rescind the agreement, asserting, among other reasons, fraud by his former counsel and by opposing counsel. Following a trial on his rescission motion, the trial court granted nonsuit to respondents, finding no evidence supported rescission. In light of the validity and enforceability of the settlement agreement, the trial court dismissed as moot other petitions filed by Elias, including a petition to enforce the no contest clause in the trust document. After Elias appealed, this court affirmed the trial court's orders. (See *Elias v. Jensen* (March 3, 2022) G060100 & G060101 [nonpub. opns.].)

On April 29, 2022, Elias filed a petition for an accounting, and a petition to enforce the no contest clause in the trust document. He also filed a petition for "double damages," although the pleading is not in the record. On May 2, 2022, the trial court denied all petitions without prejudice. The court explained that because the settlement agreement had been upheld on appeal, "you have no further interest in this matter."

Elias noticed an appeal from the May 2, 2022 order.

2

II

DISCUSSION

As we previously advised Elias, on appeal, this court is required to presume the trial court's order is correct and must draw all inferences in favor of the court's decision. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "'[E]rror must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Further, we will not presume prejudice from an error. It is an appellant's burden to persuade us that the court erred in ways that result in a miscarriage of justice. (Cal. Const., art. VI, § 13; *In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 204-205.) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.) On appeal, as in the trial court, unsworn statements or arguments by counsel or a self-represented litigant are not evidence. (See *In re Zeth S.* (2003) 31 Cla.4th 396, 413-414, fn. 11.)

Elias's appellate briefing is unintelligible. Elias does not explain how the probate court's order here is erroneous and why any error is prejudicial. (Cf. *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 ["failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal."].) Critically, Elias does not address the basis for the court's order—that our decision in the prior appeal finally determined the issues raised in his petitions, rendering those petitions moot. He merely states, without any record citation, that he submitted "proof" that respondents and their attorneys violated the accounting provisions of the trust document and triggered the no contest clause. (See *In re S.C.* (2006) 138 Cal.App.4th 396,

3

406–407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited]; see Cal. Rules of Court, rule 8.204(a)(1)(C) ["Each brief must . . . . [¶] . . . [¶] . . . [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)

Rather than specifying any error in the May 2, 2022 order, Elias instead devotes the bulk of his appellate briefing to relitigating the prior appeal. He repeats and references arguments and citations from the record of his former appeal, including alleging fraud by his former counsel and opposing counsel. He also accuses the probate court and this court of "hid[ing]" our "unlawful rulings" on the issues presented in the prior appeal, without an iota of evidence. These conclusory and inadequate allegations can be described as frivolous. (Cf. *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1328 ["mere fact a judicial officer rules against a party does not show bias"].) In conclusion, Elias has not met his appellate burden in this appeal to demonstrate the probate court erred in denying his petitions. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

Finally, while we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, Elias's status as an in propria persona litigant does not exempt him from the rules of appellate procedure or relieve him of his burden on appeal. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) Indeed, his status as an in propria persona litigant subjects him to the vexatious litigant statute. (See, e.g., Code Civ. Proc. § 391(b) ["'Vexatious litigant' means a person who does any of the following: . . . (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of

4

the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, . . ., or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. . .”].)[1]

---

[1] On May 23, 2023, Elias filed a request to augment the record with purported copies of the conformed settlement agreement, the trust instrument and several financial documents. We deny the motion, as Elias has failed to show that these documents were "filed or lodged in the case in superior court." (Cal. Rules of Court, rule 8.155.) In any event, these documents are not relevant to the material issues on appeal.

5

III

DISPOSITION

The order denying Elias's petitions without prejudice is affirmed.

Respondents, Suzanne Jensen and Sharon Sardina are entitled to their costs on appeal.


DELANEY, J.


WE CONCUR:


O'LEARY, P.J.


MOORE, J.