Filed 10/26/23  Jacob v. ESA Management CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ROBERT JACOB, | D081024 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2020-00035013-CU-BC-CTL) |
| ESA MANAGEMENT, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Robert Jacob, in pro. per., for Plaintiff and Appellant.

Musick, Peeler & Garret, Cheryl A. Orr and Angela G. Kim for Defendants and Respondents.

## INTRODUCTION

Robert Jacob failed to file an opposition to a demurrer to his amended complaint.  He also failed to appear at the hearing on the demurrer.  As a result, the trial court sustained the demurrer with prejudice and entered judgment of dismissal of his entire action.  Almost a month after he was

served with notice of entry of judgment, he filed a notice of appeal without seeking any further relief from the trial court.

Jacob requests that we reverse the judgment. But he does not claim the trial court erred in sustaining the demurrer. Instead, it appears he is requesting *this* court relieve him from the judgment based on his or his former attorney's mistake, inadvertence, surprise, or excusable neglect pursuant to Code of Civil Procedure[1] section 473, subdivision (b). We do not have such discretionary authority on appeal and thus we affirm the judgment of dismissal.

## BACKGROUND

Jacob had been living at an Extended Stay America hotel for about seven years when his tenancy was terminated by ESA Management LLC and ESA P Portfolio LLC (together ESA). He sued ESA, alleging it wrongfully terminated his rental agreement and caused his two vehicles to be unlawfully towed from the hotel parking lot.[2] He sought special, general, and punitive damages for breach of contract and intentional infliction of emotional distress, among other causes of action.

Jacob filed the original complaint as a limited jurisdiction action on October 1, 2020. On April 6, 2021, ESA filed its first demurrer to the complaint. On August 23, 2021, Jacob filed an amended complaint and requested reclassification of his case as an unlimited jurisdiction action. The

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] Jacob also sued Antonio's Investments, Inc., dba Expedite Towing, the company that towed his vehicles, and it appears the trial court entered a default against it on April 23, 2021. The tow company is not a party to this appeal.

request was granted. Although the hearing on ESA's first demurrer was vacated upon Jacob's filing of the amended complaint, it appears from the register of actions that Jacob filed an opposition to it on August 24, 2021.

Throughout this time, Jacob was represented by counsel, Daniel Lickel. On November 5, 2021, Jacob handed Lickel a letter terminating his legal representation. In it, Jacob said he believed their "attorney client relationship ha[d] broken down in [a] severe manner."

On November 16, 2021, ESA filed a second demurrer to the amended complaint, with proof of service that it had e-mailed notice of the demurrer and demurrer to Lickel the same day.[3] The hearing on the demurrer was scheduled for May 20, 2022.

On December 14, 2021, Lickel filed a motion to be relieved as counsel of record.[4] On January 28, 2022, the trial court granted the unopposed motion.

On February 8, 2022, the trial court entered an order relieving Lickel as counsel of record, finding that Lickel had properly served Jacob with notice of the motion. The order also confirmed two scheduled hearings: a March 25, 2022 hearing on ESA's various discovery motions and request for sanctions, and the May 20, 2022 hearing on ESA's demurrer.

---

[3]    ESA concurrently filed a motion to strike portions of the amended complaint, including specifically the punitive damages claim, which was also granted as unopposed on May 20, 2022. Jacob has not appealed from the order granting the motion to strike and thus we do not discuss it further.

[4]    In a declaration in support of an ex parte application for an order to shorten time on the hearing of this motion, filed December 21, 2021, Lickel stated he had prepared a substitution of attorney form at Jacob's request in November 2021, but Jacob did not sign the form or respond to Lickel's communications about it.

On February 9, 2022, Lickel served Jacob with a copy of the order relieving him as counsel of record and "with copies of all pending [m]otions," *including ESA's demurrer to the amended complaint*, as well as ESA's discovery motions and requests for sanctions. Lickel filed proof of this service with the court on March 2.

Jacob appeared for himself at the March 25, 2022 hearing on ESA's discovery motions and request for sanctions. At the hearing, the trial court granted ESA's discovery motions and sanctioned Jacob in the total amount of $3,000.

On March 29, 2022, Jacob tried to file a substitution of attorney form in which he indicated that he would be representing himself, but the court clerk rejected it as incomplete.

On April 12, 2022, Jacob, representing himself, filed a "Declaration . . . in Support of Response to Request for Sanctions Against Plaintiff Robert Jacob," and a "Memorandum of Points and Authorities Supporting Plaintiff Response to Defendants Demand for Sanctions, in Pending Discovery Matters." In his declaration, Jacob affirmed he had terminated Lickel on November 5, 2021 and there was "no contract with . . . Lickel to continue representing [him] in" the case. He also admitted he received the order relieving Lickel as counsel of record on March 8 and attached as Exhibit 5 to his declaration the March 2 proof of service, in which Lickel averred he also served copies of all pending motions, *including ESA's demurrer*.

On May 13, 2022, ESA filed a reply in support of its demurrer, stating that it had not received any opposition from Jacob and requesting its demurrer be sustained without leave to amend. The deadline for any opposition was May 9. ESA filed a proof of service that it overnight-mailed the reply to Jacob on May 13.

4

The hearing on the unopposed demurrer was heard on May 20, 2022. Jacob did not appear. The trial court considered Jacob's failure to file an opposition to the demurrer established as his "acquiescence . . . the demurrer [wa]s meritorious." (Cal. Rules of Court, rule 8.54(c) ["A failure to oppose a motion may be deemed a consent to the granting of the motion."].)[5]

On May 25, 2022, the trial court entered a judgment of dismissal of the entire action with prejudice. A copy of the judgment was served on Jacob by overnight mail on May 23.

On June 22, 2022, Jacob was served with the "Notice of Entry of Judgment of Dismissal of Entire Action with Prejudice" and a proof of service was filed with the trial court the same day.

On August 19, 2022, Jacob filed a Notice of Appeal, in which he stated he appeals from "Judgment of dismissal after an order sustaining a demurrer."

## DISCUSSION

### I.

#### *Principles of Law*

Our review in an appeal from an order sustaining a demurrer is de novo. (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We are required to presume the trial court's judgment to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is therefore the

---

[5] The trial court noted that in his April 12, 2022 filings, Jacob asserted "the demurrer was not timely under [Code of Civil Procedure] section 430.41[, subdivision] (a)," but "did not provide any substantive response to [ESA's] arguments in the demurrer." The court found the demurrer was timely filed and stated it would exercise its discretion to consider the demurrer as a motion on the pleadings even if it was untimely. On appeal, Jacob does not challenge these aspects of the court's ruling.

burden of the party challenging the judgment to affirmatively demonstrate error.  (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)  " 'In so doing, he must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made." ' " (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8; Cal. Rules of Court, rule 8.204(a)(1)(B).)  "We are not required to examine undeveloped claims or to supply arguments for the litigants."  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)  " 'Nor is an appellate court required to consider alleged error where the appellant merely complains of it without pertinent argument.' "  (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) An appeal may be deemed forfeited or abandoned where it fails to comply with the essential requirements of an appeal, including the requirement of providing a "reason to reverse or even modify the orders in question." (*Conservatorship of Ben C.*, at p. 544, fn. 8; see *Berger*, at p. 1120 [deeming appeal abandoned where appellant's brief "simply failed to make any arguments to support any theory of error"].)

These rules apply equally to self-represented litigants like Jacob.  "The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are ' "held to the same restrictive procedural rules as an attorney." ' "  (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344–345; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985 ["the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"].)

## II.

### *Jacob Fails to Demonstrate Error on Appeal*

On appeal, Jacob requests that we reverse the judgment against him and "instruct[ ]" the trial court to reinstate his action.  We are unable to do so

because Jacob fails to identify any error by the trial court upon which we could reverse.

In his 12-page opening brief on appeal, Jacob asserts (without any record citation) that he "was not aware" of ESA's demurrer and thus he "could not file an opposition" to it. He claims he had "no idea" the demurrer was pending. "Lickel was still [his] attorney of record," Jacob asserts, and Lickel failed to file an opposition to the demurrer.

Jacob then quotes verbatim the entire text of Code of Civil Procedure section 473 and cites to subdivision (b) of section 473 under a heading called "Grounds for Relief." (Capitalization and boldface omitted.) Under a separate heading called "Motion for Relief from Lack of Actual Notice," (capitalization and boldface omitted) Jacob cites to Civil Code section 1788.61.[6] Under another heading called "Statutory Power to Set Aside Void Judgment" (capitalization and boldface omitted), he cites to subdivision (d) of Code of Civil Procedure section 473.

Other than the bare citations, Jacob does not identify nor develop any argument or discussion as to how these statutes support any error by the trial court. As we have noted, this is insufficient to satisfy the essential requirements of an appeal and it is not our role to examine undeveloped claims or supply arguments for Jacob.

---

[6] Civil Code section 1788.61 provides, in part, that "if service of a summons has not resulted in actual notice to a person in time to defend an action brought by a debt buyer and a default or default judgment has been entered against the person in the action, the person may serve and file a notice of motion and motion to set aside the default or default judgment and for leave to defend the action." (Civ. Code, § 1788.61, subd. (a).) The statute has no applicability in this case because we are not dealing with service of a summons nor an action brought by a debt buyer.

However, it appears that Jacob is contending *this* court should relieve him from the judgment of dismissal due to his or Lickel's "mistake, inadvertence, surprise, or excusable neglect" in failing to file an opposition to the demurrer, under section 473. To the extent this is his argument, we do not have such authority. The discretionary authority under section 473 is conferred on the *trial* court.[7]

We also observe the record does not support Jacob's claim he was unaware of the pending demurrer. As set forth in the March 2, 2022 proof of service, Lickel sent an envelope to Jacob by U.S. priority mail which contained copies of the order relieving Lickel as counsel of record and ESA's demurrer, among other pending motions. Jacob admitted he received a copy of the order relieving Lickel as counsel of record on March 8. It follows he also received ESA's demurrer to the amended complaint in the same envelope. Any doubt is eliminated by his possession of the March 2 proof of

---

[7] Subdivision (a) of section 473 provides "[t]he court may, in furtherance of justice, and on any terms as may be proper, allow a party to *amend any pleading* or proceeding . . . ; and may, upon like terms, *enlarge the time for answer or demurrer*. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, *an amendment to any pleading* or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code." (Italics added.) Subdivision (b) provides "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Subdivision (d) provides "[t]he court may, upon motion of the injured party, or its own motion, *correct clerical mistakes in its judgment or orders as entered*, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." (Italics added.) It is plain from the statute's clear text that the discretionary relief available under section 473 is available only in the trial court.

8

service, which he attached to his declaration filed on April 12, and by his assertion in the concurrently filed memorandum of points and authorities that ESA's "Demurrer Does Not Comply with the California Code of Civil Procedure Section 430.41(a)(2)." (Some capitalization omitted.) Thus, the record shows Jacob had notice and a copy of ESA's demurrer at least by March 8—62 days before the May 9 deadline to file his opposition and 73 days before the noticed hearing on the demurrer.

The record also does not support Jacob's assertion that Lickel was "still" his attorney of record at the time of the pending demurrer and thus Lickel was responsible for filing an opposition to the demurrer. Jacob appeared for himself at the March 25, 2022 hearing on ESA's discovery motions; he attempted to file a substitution of attorney form in order to proceed as a self-represented litigant on March 29; and in his April 12 declaration he filed as a self-represented litigant, Jacob affirmed he had terminated Lickel on November 5, 2021 and had "no contract with . . . Lickel to continue representing [him] in" the case.

In his reply brief on appeal, Jacob pivots to arguing the trial court erred because "[t]he *trial* court did not take into account . . . section 473, subd. (b) based on a claim of mistake, inadvertence or excusable neglect, to vacate the dismissal of the action by the [trial] court." (Italics added.) But Jacob did not bring a motion pursuant to section 473, subdivision (b), in the trial court. The trial court cannot abuse discretion it was not asked to exercise.

9

## DISPOSITION

The judgment is affirmed. Respondents are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.