Filed 2/23/24  Grayton v. County of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MAURICE GRAYTON, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> COUNTY OF SAN DIEGO, <br><br> Defendant and Respondent. | D081684 <br><br><br> (Super. Ct. No. 37-2022-00023740-CU-NP-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Matthew C. Braner, Judge.  Affirmed.

Maurice Grayton, in pro. per., for Plaintiff and Appellant.

Michael P. Masterson, Office of County Counsel, for Defendant and Respondent.

Maurice Grayton appeals from a judgment of dismissal after the trial court sustained a demurrer to his complaint against the County of San Diego (the County) without leave to amend.  He asserts the trial court erred in concluding a public library is not a business establishment as defined by the

Unruh Civil Rights Act (Civ. Code, § 51 et seq.) (the Unruh Act).[1] We conclude that Grayton has not met his burden to establish error and affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal does not contain a copy of the complaint, the County's demurrer, or Grayton's response. We therefore derive the facts primarily from the trial court's minute order sustaining the County's demurrer, which is in the record on appeal.

Grayton filed a civil complaint against the County of San Diego in June 2022. The complaint asserts the following causes of action: fraud and deceit, assault, negligence, violation of the American with Disabilities Act (ADA), the Fair Housing Act (FHA), and the Unruh Act. The County demurred and, according to the trial court, Grayton failed to respond to the majority of the County's arguments.

It appears that the Unruh Act claim was the only cause of action for which Grayton contested the demurrer in the trial court. Although we do not have a copy of the complaint in the record on appeal, the parties agree that Grayton's Unruh Act claim was based on an allegation that Grayton was not permitted to utilize the "Teen Study Room" in a public library. They also agree that, at the time of the incident, signs were posted on the door of the Teen Study Room stating that it was reserved for teen use only after 2 p.m. on weekdays and all day on Saturday.

In its demurrer, the County asserted that the Unruh Act applies only to businesses or commercial entities, and the library was not acting as either at the time of the alleged discrimination. Grayton argued, to the contrary, but

---

[1] Further unspecified statutory references are to the Civil Code.

"without citation to any authority that the public library at issue is a private business." The trial court was not persuaded. It concluded that the library was not acting as a business or commercial enterprise at the time of the alleged incident and sustained the demurrer as to the Unruh Act cause of action.

After also sustaining the demurrer as to each of the other causes of action stated in Grayton's complaint, including the causes of action under the ADA and FHA, the trial court concluded: "With all due respect to the discomfort and/or embarrassment [Grayton] apparently suffered, and acknowledging the expectations he formed after sitting in the Teen section of the library in the days preceding the incident described in the complaint, no legally cognizable duties arise from the conduct [Grayton] alleges. Notwithstanding [Grayton's] arguments to the contrary, no good faith amendment can subvert this conclusion." The trial court sustained the County's demurrer without leave to amend, and subsequently entered a judgment of dismissal.

Grayton filed a timely notice of appeal.

## II. DISCUSSION

Grayton's primary assertion on appeal is that the trial court erred by concluding a public library is not a commercial enterprise and therefore is not subject to the Unruh Act. As a result, he contends the trial court erred in sustaining the demurrer to his Unruh Act cause of action. He also asserts that the trial court erred by sustaining the demurrers to his ADA and FHA causes of action, and points this court to a provision of the Unruh Act that states that a violation of the ADA also constitutes a violation of the Unruh Act. (§ 51, subd, (f).)

3

We review an order sustaining a demurrer under a de novo standard of review but begin with the presumption that the trial court's judgment is correct.  (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is the appellant's burden to affirmatively demonstrate error.  (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)  As the party asserting error, the appellant "must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*); see *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived"]; *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [court disregards argument for which no authority is furnished].)

Grayton's status as an in propria persona litigant does not exempt him from the rules of appellate procedure or relieve his burden on appeal.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  We treat in propria persona litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Ibid.*)  As with any other litigant, "[w]e are not required to examine undeveloped claims or to supply arguments for [Grayton]." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)  " 'Nor [are we] required to consider alleged error where the appellant merely complains of it without pertinent argument.' " (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Here, in addressing Grayton's cause of action under the Unruh Act, the trial court explained:  "As to the final cause of action (Unruh Civil Rights

Act), and notwithstanding the host of other issues raised by [Grayton], for the Unruh Act to apply, there must be arbitrary discrimination by a business based on proscribed classifications enumerated in the Act.  (See *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1502.)  In order to be a business within the meaning of the Act, an entity must operate as a business or commercial enterprise when it discriminates.  (*Brennon B. v Superior Court* (2022) 13 Cal.5th 662, 681 (*Brennon B.*).)  Plaintiff insists without citation to any authority that the public library at issue is a private business.  The Court is unpersuaded; a public library is *not* a business."

In *Brennon B.,* on which the trial court relied, our high court considered the meaning of the phrase "all business establishments of every kind whatsoever" as used in the Unruh Act in the context of claims against a public school district.  (*Brennon B., supra,* 13 Cal. 5th at p. 672, italics omitted.)  The Court found that the phrase "conveys reference to commercial entities, those whose principal mission is the transactional sale of goods or services."  (*Id.* at p. 674.)  The Court acknowledged that a public school does provide a service to members of the public, but explained that "a school district's provision of public education is not generally understood as being carried out in the commercial, transactional manner that is characteristic of a 'business establishment.' " (*Ibid.*)  The Court then went on to consider the legislative history of the Unruh Act and concluded that the purpose of the Unruh Act was to prohibit " 'discrimination by privately owned services and enterprises,' " as opposed to state actors, school districts, or any other public entity or governmental agency.  (*Brennon B.,* at pp. 676, 678.)  Accordingly, the Court held that the plaintiff there could not maintain a cause of action for violation of the Unruh Act against a public school district.

We find no error in the trial court's conclusion here that Grayton may not maintain a cause of action based on discrimination that allegedly occurred at a public library for the same reasons. In our view, *Brennon B.* directly supports the trial court's conclusion that a public library is not a business establishment as the phrase is used in the Unruh Act. Grayton has not established otherwise on appeal.

Grayton concedes that the Unruh Act applies specifically to "business establishments," and that the legislative history of the Unruh Act suggests that it does not apply to public entities that provide public services. (§ 51, subd. (b).) But he maintains that this rule does not apply to public libraries. Grayton does not provide any authority of his own to support this conclusion. Instead, he argues that a public library is different from a public school for several reasons, including that "there is a bar to the distribution of association newsletters containing political matter through Public School District's mailboxes," and that public libraries only supply education services while public schools also provide "academic achievements." He asks us to consider these " 'clues' " to determine whether the Unruh Act applies to libraries. While we acknowledge that there are in fact many ways in which public libraries differ from public schools, none of the differences raised by Grayton suggest that a public library is a business establishment subject to the Unruh Act.

As a final matter, Grayton asserts the trial court also erred in sustaining the demurrer as to his causes of action under the ADA and FHA. In its order sustaining the demurrer, the trial court explained that Grayton provided no response to the arguments made by the County as to these causes of action, and that it agreed with the County that Grayton had not stated a claim under either statute. On appeal, Grayton contends,

6

summarily, that the trial court should have overruled the demurrers on the ADA and FHA claims,[2] and repeatedly states that section 51, subdivision (f) of the Unruh Act specifies that any violation of the ADA by a business establishment is also a violation of the Unruh Act. (See § 51, subd. (f) ["A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section."].)

It is unclear whether Grayton is relying on section 51, subdivision (f) to assert that the trial court should have found that he stated a claim under the Unruh Act based on his ADA claim, or that he adequately stated a claim under the ADA and/or FHA based on his Unruh Act claim. Regardless, neither assertion has merit. As an initial matter, Grayton has waived the argument by failing to raise it in the trial court. (*Santantonio v. Westinghouse Broadcasting Co.* (1994) 25 Cal.App.4th 102, 113 [arguments not asserted below are waived and will not be considered for the first time on appeal].) And, in any event, the trial court concluded that Grayton did *not* establish a cause of action under the ADA, the FHA, *or* the Unruh Act. For the reasons we have already explained, Grayton does not establish otherwise on appeal and, therefore, he cannot use either claim to support the other.

Based on the foregoing, we conclude the trial court did not err in sustaining the County's demurrer without leave to amend, or in entering the subsequent judgment of dismissal.

---

2      To the extent that Grayton is attempting to argue that the trial court erred in evaluating the substantive nature of his claims under the ADA or FHA, he fails to develop the argument and we therefore treat it as waived. (See *Nelson, supra,* 172 Cal.App.4th at p. 862.)

## III. DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.

KELETY, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.

8