Filed 6/27/24  Taniform v. Commission on Teacher Credentialing CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PROTUS NKWANA TANIFORM<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COMMISSION ON TEACHER CREDENTIALING,<br><br>    Defendant and Respondent. | A169162<br><br>(Alameda County<br>Super. Ct. No. 23CV034864) |

## MEMORANDUM OPINION[1]

Protus Nkwana Taniform appeals from a judgment entered after the trial court denied his third petition for writ of mandate to compel the Commission on Teacher Credentialing (Commission) to reinstate his teaching credential.  We affirm.

Taniform held a single-subject teaching credential and taught in three Bay Area school districts.  On August 30, 2016, one of the school districts learned he let Emaline Abumbi — an uncredentialed individual — use his

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history," we recite only those facts necessary to provide context and to resolve the issues presented. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

substitute teacher profile to work at six schools in the district. (His profile was used on 27 days that Taniform didn't teach.) When confronted, Abumbi initially claimed she was Taniform. Ultimately, however, she admitted using the profile with his permission — she also said he offered to give her a portion of what he was paid for the days she worked. The district called Taniform, left a voicemail, and asked him to call back. The next day, he returned the call and left a voicemail in which he apologized, said he " 'was just trying to help someone and did it the wrong way,' " and indicated he was "fine" if the district wanted to remove him from the system. The district terminated him and informed the Commission.

In November 2016, the Commission notified Taniform it had opened an investigation. He initially denied letting anyone use his profile and indicated this was the first he was hearing about the allegations or his removal from the substitute teacher roster. He later alleged friends fraudulently used his username and password to access and use his profile. Abumbi also submitted a declaration — apparently at the behest of Taniform's attorney — in which she recanted her earlier statement that he had let her use his profile; instead, she indicated the "friends" he identified were the actual culprits.

In 2018, after a hearing at which Taniform and Abumbi testified, the administrative law judge found Taniform was "not credible" and did not credit Abumbi's recantation, finding her initial admission more persuasive. Ultimately, the judge determined the Commission had established by clear and convincing evidence that Taniform engaged in unprofessional conduct and acts of moral turpitude and revoked his teaching credential. The Commission adopted the judge's proposed decision as its final decision.

In March 2019, Taniform filed a petition for writ of mandate in San Francisco Superior Court challenging the Commission's decision. The court

denied the petition. In May 2020, he petitioned the Commission to reinstate his teaching credential. The Commission denied the petition. In June 2021, he filed a second petition for writ of mandate — this time in Alameda County Superior Court. The court denied the petition.[2] He did not appeal the denial of either petition for writ of mandate.

In May 2022, Taniform petitioned the Commission for the second time to reinstate his credential. The Commission denied the petition. It found he "had not sufficiently demonstrated rehabilitation from the conduct that formed the basis" of the original discipline, and it based its finding on his "failure to appreciate the seriousness of [his] past misconduct, as well as the lack of documentation to affirmatively prove rehabilitation by clear and convincing evidence." Two days before the decision was to become effective, he asked for more time to submit proof of ongoing therapy. The Commission deemed the request a petition for reconsideration and denied it.

In June 2023, Taniform filed his third petition for writ of mandate — the matter at issue here. The trial court denied the petition. It also rejected his additional claims for, among other things, retaliation and negligence. The court entered judgment for the Commission and, representing himself, he appealed.

A judgment is presumed correct, and it is appellant's burden to "affirmatively demonstrate error through reasoned argument, citation to the

---

[2] The Commission requested we take judicial notice of various court records concerning Taniform's earlier efforts to regain his credential. His opposition contains no basis to deny the request, and we grant it for the purpose of providing context. (Evid. Code, § 452, subd (d).) Taniform filed two requests for judicial notice concerning evidence presented in connection with his second petition for writ of mandate. We deny the requests as the material is irrelevant to our resolution of the appeal. (*Mission Springs Water Dist. v. Desert Water Agency* (2024) 101 Cal.App.5th 413, 423.)

appellate record, and discussion of legal authority." (*Bullock v. Phillip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.)  Self-represented litigants are " 'entitled to the same, but no greater, consideration than other litigants and attorneys.' " (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)  In assessing whether he has met his burden, we disregard factual contentions unsupported by citations to the record and legal arguments unsupported by citations to legal authority.[3]  (*Tanguilig*, at p. 520.)  Moreover, we will not scour the record to see whether it supports his contentions — nor will we make arguments for him.  (*Inyo Citizens for Better Planning v. Inyo County Board of Supervisors* (2009) 180 Cal.App.4th 1, 14.)  We conclude Taniform fails to articulate any basis to reverse the judgment.

Taniform's arguments are difficult to decipher.  As best as we can tell, he is under the impression his third petition for writ of mandate is "the same case" as — or a continuation of — his second petition for writ of mandate.  It is not.  His second petition for writ of mandate sought to challenge the Commission's denial of his *first* petition for reinstatement.  Moreover, the denial of that petition for writ of mandate became final after Taniform failed to appeal.  In this case, he appeals from the judgment entered after the trial

---

[3] The opening brief initially was not filed due to noncompliance with various California Rules of Court, including rule 8.204(d), which governs attachments to briefs.  We ordered Taniform to file a corrected brief complying with the "content and formatting requirements of the California Rules of Court" and containing "adequate citations to the record, citation to legal authority, and pertinent intelligible legal argument," and we warned that "[f]ailure to file a corrected brief" might result in dismissal of the appeal.  (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  His "corrected" brief contains nearly identical rule violations.  We elect not to dismiss the appeal but will not consider the various exhibits — for example, screenshots of emails, news articles, excerpts of other pleadings, photos — improperly appended to the brief.  (Cal. Rules of Court, rule 8.204(d).)

court denied his *third* petition for writ of mandate, which sought to challenge the Commission's denial of his *second* petition for reinstatement.

Moreover, Taniform appears to argue he has sufficiently demonstrated rehabilitation. To that end, he points us to "letters of reference," a "therapy letter/report," and evidence he attended "sessions of therapy." This misunderstands the standard of review on appeal. We review the trial court's ruling on a petition for writ of mandate for substantial evidence. (*Lake v. Reed* (1997) 16 Cal.4th 448, 457.) Ample evidence supports the court's determination, based on its independent judgment, that Taniform failed to establish "he had rehabilitated himself." The court found his evidence was "vague," failed to "discuss specific treatment or specific misconduct addressed in counseling," and that his "reference letters" did not address his "rehabilitation." Moreover, the court noted his "acceptance of responsibility was qualified by his claim that he wasn't responsible for all the wrongs . . . and his persistent references to 'identity theft.' " Even assuming the evidence in the record supports more than one inference, we will not substitute our interpretation for that of the trial court. (*Ibid.*)

As previously noted, we will not address the content of "exhibits" Taniform attached to his opening brief. We warned him that the attachments do not comply with California Rules of Court, rule 8.204(d). In any event, having reviewed them, they do not undermine our conclusion that the trial court's ruling was supported by substantial evidence. (*Lake v. Reed, supra*, 16 Cal.4th at p. 457.) We have considered any other incidental arguments in his briefs and have found none that merit further discussion.

## DISPOSITION

The judgment is affirmed. No costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

5

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
SIMONS, J.*


A169162


_____

    * Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.