Filed 12/23/24  Spangler v. Thompson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| LISA SPANGLER, as Trustee, etc.,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>JENNIFER THOMPSON,<br><br>        Objector and Appellant. | A167585<br><br><br>(Marin County<br>Super. Ct. No. PR2203341) |

Because this appeal is determined by well-settled legal principles, we decide it by memorandum disposition and recite only those facts necessary to resolve the relevant issues.  (Cal. Stds. Jud. Admin., § 8.1.)

On October 14, 2022, petitioner Lisa Spangler, successor trustee of the "Beneken Exempt Family Trust f/b/o Eric H. Beneken c/a/d May 24, 1991" (Beneken Family Trust), filed a petition to establish the trust's ownership and for declaratory relief in the trial court (petition).  Petitioner was the sister of Eric H. Beneken, who passed away in 2022.  Objector Jennifer Thompson objected to the petition and requested an evidentiary hearing.[1]

On March 27, 2023, following a bench trial that featured testimony from both parties, the trial court entered an order awarding judgment in

---

[1] Objector and Eric H. Beneken appear to have had a close relationship; however, the exact nature of their relationship is unclear from the record.

favor of petitioner on the petition.  In doing so, the trial court specifically found that: (1) notice of the petition was given as required by law; (2) the Beneken Family Trust holds all right, title and interest in the following properties: (a) an older mobile home bearing serial number 4112, label MH271640, decal AAV5717, (b) a newer mobile home presently located on 39 Scenic Drive, Novato, California 94944, and (c) a specified Merrill Lynch account; and (3) objector has no valid ownership interest in any of the subject properties.

On April 10, 2023, objector filed an "Appeal" of the order granting the petition in the superior court in which she set forth "Contentions and Response to Declaratory Relief."  (Some capitalization omitted.)  Among other things, objector contended the decedent, Eric H. Beneken, left a "will in Testament [*sic*]" naming her as "Executor and Sole Beneficiary."  It is unclear from the record whether, or how, the trial court responded to objector's filing.  However, on April 17, 2023, objector's notice of appeal was lodged in this court.

On May 9, 2024, objector, proceeding in propria persona, filed an opening brief in which she argues:  "The Trial Court erred on multiple occasions by ignoring the multiple challenges to Lisa Spanglers continued 'Breach of Fiduciary Duty' under . . . Family Code Section 1101 which creates a 'Cause of Action for Breach of Fiduciary', and is not 'Time Barred'."  (*Sic.*, boldface omitted.)

We conclude objector's briefs failed to satisfy even the minimal standards of appellate procedure necessary to establish a basis for disturbing the trial court's order.  We therefore deem objector's arguments to have been forfeited and affirm.

2

## DISCUSSION

As best we can decipher, objector contends the trial court committed the following errors in granting petitioner's petition: The trial court (1) failed to acknowledge "an improperly Administrated [*sic*] Trust by [petitioner]"; (2) failed to compel petitioner to produce "evidence of disbursements and Home to Beneken"; (3) erroneously granted petitioner "PREJUDICIAL JUDGMENT OF CLOUDED TITLE"; and (4) failed to recuse itself from considering her "Appeal" of the court's order (which, as mentioned, she improperly filed in the superior court). (Boldface and underscoring omitted.)

Despite setting forth these contentions, objector's briefs contain no statement of the facts aside from an exceedingly short (less than half a page) recitation of the procedural history of the case. Further, objector's briefs contain no description or analysis of the trial court's order that is the subject of her appeal. Finally, objector's briefs lack any sort of intelligible legal argument that is grounded in the facts of the case or the findings of the trial court. These omissions are fatal.

" '[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608– 609 [citations].) 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' [Citation.] Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each

3

point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620 (*L.O.*).)

Without a proper recitation of the material facts, supported by record citations, or an intelligible argument, supported by pertinent legal authority, we are left unable to do what we are called upon to do, to wit, review the trial court's judgment for error. " 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.' [Citation.] Consequently, '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*L.O., supra*, 96 Cal.App.5th at p. 620; accord, *Citizens for Positive Growth & Preservation v. City of Sacramento* (2019) 43 Cal.App.5th 609, 626–627, fn. 8 [when " 'no [record] citation "is furnished on a particular point," ' " the court may treat it as forfeited]; *Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050 [the reviewing court is " 'not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment' "].)

Lastly, objector is not exempt from these mandatory rules of appellate practice because she is representing herself on appeal. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow

4

correct rules of procedure.  [Citations.]"  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Thus, because appellant's briefs wholly lack cognizable legal argument with citation to supporting facts and law, we deem her contentions as abandoned.  (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  The order stands.

## DISPOSITION

The order is affirmed.  Objector shall bear costs on appeal.

Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.

A167585/*Spangler v. Thompson*